DOWNINGTOWN MANUFACTURING COMPANY, PLAINTIFF IN ERROR, v. FRANKLIN PAPER MILLS, DEFENDANT IN ERROR.

Argued November 1, 1898—Decided February 27, 1899.

1. The thirteenth section of the Mechanics' Lien law as amended (*Pamph. L.* 1896, *p.* 198) permits a lien to be recovered for the whole of a debt as theretofore, provided any part of it accrued within four months prior to the filing of the claim.

2. Whether the item within the limited period is so connected with the earlier items that together they constitute one debt is a question of fact that should be left to a jury whenever such an inference is permissible under the testimony.

On error to the Hudson Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON and GARRISON.

For the plaintiff in error, *Edward Q. Keasbey.*

For the defendant in error, *Otto Crouse.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff in a suit upon a mechanics' lien claim has brought up the record of a judgment in its favor, by which, however, a lien is obtained for a part only of its claim.   The verdict was directed by the Circuit Court, and a bill of exceptions shows that the court was, in effect, requested to leave to the jury the question whether the whole of the plaintiff's claim did not constitute a single debt for which it might have a lien.   The denial of this request is justified if either of two propositions be established—*first,* that the statute (*Pamph. L.* 1896, *p.* 198) which limits the time within which a claim may be filed to four months from the date of the last work done or materials furnished excludes items of indebtedness that are not within the period so limited ; or *second,* that it was not a permissible inference, under the testimony, that the earlier items were so connected with the item that was within the four months that together they constituted the debt for which a lien might be had.

The act of March 30th, 1896 (*Pamph. L., p.* 198), amended the original Mechanics' Lien law in three particulars :

*First.* It shortened the time within which a claim could be filed from one year to four months.

*Second.* It provided that the time so limited should run from the date of the *last work* done or materials furnished instead of from the furnishing of the materials or performing the labor.

*Third.* It did not exclude such parts of any claim as were for labor or material furnished more than four months before filing the claim.

The statute, therefore, did not prevent the plaintiff from recovering a lien for the items excluded by the court below merely because they had not been furnished within the four months that preceded the filing of the claim; on the contrary, it permits a lien for the whole of any debt as theretofore, provided part of it accrued within four months next before the filing of the claim.   Two things must, therefore, have concurred to draw the plaintiff's claim within the benefit of the statute, viz., a part of it must have accrued within the four months, and such part must have been so connected with the earlier part that together they made a single debt. Upon this latter question the plaintiff was not permitted to go to the jury.   The case turns, therefore, upon whether there was testimony from which the jury might have inferred that the earlier and the later items of the plaintiff's claim constituted a single debt.   There is nothing in the statute that prevents such a result or that limits the debt for which the lien is given to one contract or to a single order.   The debt of which the statute speaks may, like any other debt, arise from the performance of a single direction, or it may be made up of several items for labor or materials furnished at different times and upon successive orders.   The test is whether the evidence shows that either at the inception of the employment or during its progress there was a unity of purpose between the parties to link together the items of the growing account into one aggregate indebtedness.   What circumstances will evince this purpose cannot be laid down by any general rule, as in the nature of things each case must present a new field for the ascertainment of its own facts. The question, however, belongs to the domain of fact and must be so treated.

In the present case the employment was, generally speaking, that of repairing machinery in the defendant's mill. The defendant's first letter to the plaintiff showed that some "changes" and "other changes" were contemplated and might grow out of the employment.   There were other letters and some oral testimony that tended to show that the account

grew as one change suggested or necessitated another, and thus afforded some support for the view that the parties intended to make of this more or less continuous transaction a single item of indebtedness. The fact that all of the items were included in a single account balanced by the defendant's checks and notes given and entered against it as a whole is also some evidence of the contemporaneous understanding of the parties.

The statute being no bar to the creation of a single debt out of items naturally connected, and it . being a matter of common knowledge that many, perhaps most, debts are so made up, I do not think that it should be said that the testimony failed to show that these parties intended such a result. If the testimony shows that they might have so intended it is enough to transform the question from one that is for the court to one for the jury, under proper instructions.

This I conceive to be the *status* of the present case. The judgment, therefore, is reversed in order that there may be a *venire de novo.*