WILLIAM W. BELL ET AL., TRADING AS WILLIAM W. BELL & COMPANY, DEFENDANTS IN ERROR, v. CHARLES MECUM, TRUSTEE, &c., PLAINTIFF IN ERROR.

CLAYTON WISTAR ET AL., TRADING, &c., AS WISTAR & WOODNUT, DEFENDANTS IN ERROR, v. CHARLES MECUM, TRUSTEE, &c., PLAINTIFF IN ERROR.

Argued July 8, 1907—Decided November 18, 1907.

1. In a suit to enforce a lien claim for labor performed and materials furnished for the erection and construction of any building pursuant to the Mechanics' Lien act (*Pamph. L.* 1898, *p.* 538), when it appears that the materials were furnished for the building and delivered to the defendants or their agents in good faith, it is no defence, in the absence of fraud on the part of the creditor, that there may have been a failure to use the materials thus furnished in whole or in part, or a diversion of the same from the purpose for which they were intended.

2. When items of the claim for materials furnished within four months preceding the filing of the lien are relied on to validate the claim for materials furnished before that date, it must appear that the items within the limited period are so connected with the earlier items that together they constitute one debt, and that question involves a finding of fact which must be left to the jury whenever such an inference is permissible under the testimony.

3. The court will not reverse a judgment under review because of an alleged error involving judicial action therein unless such action was invoked upon the ground relied on, which was distinctly and plainly made known to the court below.

On error to the Salem Circuit.

For the plaintiff in error, *Wilson, Carr & Stackhouse.*

For the defendant in error, *Lewis Starr* and *Henry Burt Ware.*

The opinion of the court was delivered by

HENDRICKSON, J. The above causes were tried together at the Salem Circuit, and the writs of error removing the judg-

ments for plaintiffs therein were by consent argued together here. The judgments were recovered upon lien claims for labor performed and materials furnished one Charles H. Muckenhirm in the erection and repairs of a certain frame building, with additions, for the purpose of a brass factory, located in the city of Salem. Just after the suit began bankruptcy proceedings were commenced against Mr. Muckenhirm in the United States District Court for the district of New Jersey, which resulted in a decree of involuntary bankruptcy against him, and in the appointment of the present defendant as trustee, who was substituted for the bankrupt as defendant in these suits. The assignments of error chiefly relied on at the argument are those assigned upon exceptions to the trial judge's refusal to nonsuit and to direct a verdict for the defendant.

The principal question here raised is this: Does the case show that any of the items for which the claims were filed were for materials lawfully chargeable upon the building and curtilage of the defendant furnished within four months before the filing of the lien claims, or was there sufficient evidence upon that point to go to the jury? And that question turns to some extent upon another fact, and that is the date when the building was completed, for if it was completed more than four months before the filing of the lien claims, it is argued that any labor or materials supplied after its completion were supplied for another and different purpose than in the erection or repairs of the building, and could not be chargeable lawfully as part of the lien claim.

These claims were filed and docketed on April 24th, 1906. The bill of particulars in either case shows items running along during the four months preceding the filing and up to a date in the month of April in that year. There was considerable testimony tending to show that the building was not completed, even at the time of the trial; that the windows have never been cased around in the whole building, except the office; that the door of the water-closet was not hung; that the ventilators were just lined up, but not finished at all, and that the roof had not been tacked down properly; that

the items of the accounts from November, 1905, to April, 1906, embracing charges for boards, sash, glass, putty, planing and sawing, &c., were for supplies furnished to complete the building on the order of Muckenhirm, and it seems entirely clear, we think, that there was evidence to go to the jury upon the questions of fact thus raised.

But it is contended for the defendant that even if the court should conclude that there was a question for the jury as to whether or not the building was completed within the four months' period, the court should have rejected the whole claims because there were items of supplies inseparably blended in the account that went, not into the building, but into the operation of the plant and into the construction of movable chattels and into the erection of a lateral addition. But this point also embraces a question of fact—whether the items in question were in whole or in part for supplies furnished in good faith for the erection of the building, and whether, after the supplies were furnished, they were left unused upon the stoppage of the work or were used for the other purposes suggested. There was evidence tending to support the plaintiff's charges as for supplies delivered in good faith for use in the erection of the building, and when that is established it is no defence that, in the absence of fraud on the part of the creditor, there may have been a failure to use materials thus furnished or a diversion of the same from the purpose for which they were intended. *Morris County Bank* v. *Rockaway Manufacturing Co.,* 1 *McCart.* 189; *Campbell* v. *Taylor Manufacturing Co.,* 19 *Dick. Ch. Rep.* 344. The question of fact was for the jury, and there being no proof of fraud, there was no error in refusing the motions on this ground.

Another contention is that the motions should have been granted because the materials and labor furnished did not constitute one continuous transaction, but are founded on different, separate and unrelated orders. But whether the items within the limited period are so connected with the earlier items that together they constitute one debt is a ques-

tion of fact that should be left to a jury, whenever such an inference is permissible under the testimony. *Downingtown Manufacturing Co.* v. *Franklin Paper Mills,* 34 *Vroom* 32. The evidence was such in the present case as to make this question of fact also for the jury.

Another point raised for the motions was that the proofs show the claims contain inseparably-blended items for construction and erection, and items for alterations, additions and repairs. This ground, as stated, was too broad and indefinite. The liens were filed for charges incurred in the erection and repairs of the building, treating the several structures as one building, and not for alterations in or additions to a building, and since the precise purpose to which it is alleged the extraneous items were delivered or diverted, whether for repairs, alterations or additions, was not stated, the trial judge was justified in disregarding this ground for the motions. *Van Alslyne* v. *Franklin Council, &c.,* 40 *Vroom* 672. Besides, the case shows that there was conflicting evidence as to the facts here stated which were for the jury.

A further ground urged for reversal is the alleged error of the trial judge in that portion of the charge which reads as follows: "If you find that certain items within the four months prior to April 24th, 1906, were furnished, not for construction, but to operate the plant, such items must be by you deducted from the account." It is argued that this was erroneous because there was no evidence upon which the jury could separate the charges for operation from those for construction. If that be so, it would seem that the charge, if erroneous, must have been harmless to defendant. But we think there was evidence on the subject, but it was conflicting, and the jury seem to have resolved the conflict in favor of the plaintiffs.

There were other exceptions to the charge and to the refusal to charge made by defendant, but as they were not discussed or alluded to in the argument, we are at liberty to disregard them. Finding no error in the trial or in the record, the result is that the judgment below must be affirmed, with costs.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUS-
TICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED,
VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   12.

*For reversal*—None.