(116 So. 559)

No. 26910.

**HAYNESVILLE LUMBER CO., Inc., v. CASEY et al.**

March 12, 1928.    Rehearing Denied April 9, 1928.

*(Syllabus by Editorial Staff.)*

1. **Mechanics' liens** ⟨⟩317—**Evidence held to establish materialman's account against contractor and surety for materials used in construction of building.**

In suit by materialman against contractor and surety to recover for balance due for materials furnished for use in construction of building, evidence *held* sufficient to establish account without showing that all of material furnished actually went into construction of building.

2. **Mechanics' liens** ⟨⟩317—**Materialman need not file sworn statements of account with owner as condition precedent to right of action against contractor and surety.**

Materialmen are not required to file sworn statements of their accounts against contractor with owner as condition precedent to right of action against contractor and surety.

3. **Mechanics' liens** ⟨⟩315—**Materialman's failure to serve account on owner did not operate as forfeiture of right of action against surety under statute (Act No. 224 of 1918).**

Under Act No. 224 of 1918, to effect that right of action of materialmen against contractor and surety shall accrue at any time after maturity of their claims, failure of materialman to serve attested account on owner did not operate as forfeiture of right of action against surety.

4. **Action** ⟨⟩10—**Legal right cannot be lost or forfeited by failure to perform unnecessary act.**

A legal right can never be lost or forfeited by neglect or failure to perform an act which the law has declared need not be performed.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Suit by the Haynesville Lumber Company, Inc., against Ben F. Casey and another. Judgment for plaintiff, and defendant, the Fidelity & Deposit Company of Maryland, appeals. Affirmed.

P. M. Milner, of New Orleans, for appellant Fidelity & Deposit Co. of Maryland.

Wm. F. M. Meadors and Meadors & Atkins, all of Homer, for appellee.

THOMPSON, J.   The school board of Claiborne parish entered into a written contract with the defendant Casey in 1923 to construct a building for the high school in the town of Haynesville.

The Fidelity & Deposit Company of Maryland signed as surety on the contractor's bond for the sum of $130,000.  The contract and the bond were duly recorded.

The building was completed some time during the early part of 1924, but no formal written acceptance appears to have been made and recorded.  When the building was completed, there was a balance due the contractor of $12,642.59, which was paid to the Planters' Bank by the parish superintendent on the order of the contractor April 3, 1924.

The Haynesville Lumber Company furnished the contractor material from time to time to be used in the construction of the building amounting to several thousand dollars, on which payments had been made, leaving a balance due said lumber company, when the building was completed, of $2,117.73.

The plaintiff never served any attested account on the school board, nor did it record evidence of its lien until after the building had been completed, and after the school board had paid the contractor in full.

This suit is against the contractor and his surety for the balance due plaintiff and for 10 per cent. attorney fees under Act 224 of 1918.

The contractor made no appearance, but his surety answered, denying any indebtedness to the plaintiff, and alleging that it had no knowledge or information as to what, if any, material had been furnished the contractor by the plaintiff, and hence made a statutory denial of that fact.

On a trial of the case, judgment was rendered against the contractor and his surety in solido for the amount of plaintiff's claim, with interest and attorney fees.

It is urged in oral argument and brief: (1) That the plaintiff has failed to prove its account; and (2) that the failure of the plaintiff to serve an attested account on the school board operated the forfeiture of plaintiff's right of action against the surety.

In other words, the contention is that by the failure of the plaintiff to serve an attested account on the school board, the surety has been deprived of any claim or action against the school board on the payment by the surety company of plaintiff's claim, and hence has been damaged to that extent.

[1] As to the first contention, we are of the opinion that the plaintiff's account is fully established.

The secretary and treasurer of the plaintiff company testified that he had control of the records, and was in charge of the sales made to the contractor, Casey; that he sold the bill of materials to Casey; and that said materials were sold and delivered for use in the construction of the school building.

He testified that the account attached to the petition showing the various invoices of lumber sold at different dates and delivered to the drivers of defendant Casey was true and correct. He saw some of the lumber go into the construction of the building, but could not say that every foot was used in the building. This fully answered the rule that the plaintiff must make his case certain. It was not required of the plaintiff to show that every plank sold and delivered to the contractor for use in the school building was actually so used. If that were the rule in actions by materialmen against the contractor and surety, then the furnishing of a bond to secure materialmen would be an idle formality.

In a case of the furnisher of materials, quoad the contractor and his surety, it is not required that the furnisher of materials should follow up every load of lumber sold to the contractor and delivered to his driver for use in the construction of a building and to see that all of such lumber actually went into the construction of the building. We so held in the case of Graphic Arts Bldg. Co. v. Union Indemnity Co., 163 La. 1, 111 So. 470.

In the instant case, monthly statements were issued to the contractor showing the date, items of lumber, and the price. There were payments made in the account from time to time. The last payment was made after the last delivery of lumber, as shown by the account. After this payment, a statement was issued the contractor showing the balance due as herein sued for, and he admitted to the plaintiff the correctness of the demand. The contractor made no defense, but permitted the judgment by default to go against him.

In view of these undisputed facts, it was not required of the plaintiff to introduce the receipts for the different loads of lumber issued to the drivers of the contractor's wagons.

The second contention of the surety is equally as untenable in law as the first one is in fact.

[2, 3] The rule is now well settled in this state that materialmen are not required to file sworn statements of their accounts against the contractor with the owner as a condition precedent to their right of action against the contractor and his surety. Shreveport Bldg. Association v. Whittington, 141 La. 41, 74 So. 591; Audubon Homestead Ass'n v. A. Stef Lumber Co., 158 La. 1054, 105 So. 62; Fidelity Homestead Ass'n v. Kennedy & Anderson, 158 La. 1059, 105 So. 64.

In the case first cited, the court said:

"We cannot perceive on what legal or equitable principle such failure [to serve an attested account] can release the contractor and his surety from their obligation to pay for materials purchased and used in the construction of the building."

After the above pronouncement, the court went on to say that—

"At most, the surety would be entitled to a credit for any loss occasioned by such failure."

Counsel rely on the last above-quoted statement to support his contention that the failure to serve the attested account has deprived the surety of recourse against the school board and furnishes a complete defense to plaintiff's action.

In the cited case, it so happened that the owner had sufficient funds to pay the suing materialman. The statement by the court as to what might have happened if it had been otherwise, and the supposition that the surety would be entitled to a credit for whatever loss the failure to serve the account might occasion the surety, was manifestly unnecessary to a decision of that case.

The later decisions of the court are obviously opposed to the expression relied on in the Whittington Case.

It would indeed be a strange doctrine to hold that the furnisher of materials was not required to serve an attested account on the owner as a condition precedent to his right of action against the contractor and surety, and yet, at the same time, hold that if the materialman did not serve such account he forfeited his right to sue the contractor and surety. The two positions are antagonistic and irreconcilable.

[4] A legal right can never be lost or forfeited by the neglect or failure to perform an act which the law has declared need not be performed.

But aside from this legal principle and the jurisprudence on the subject, it is specifically provided by Act 224 of 1918 that the right of action of materialmen against the contractor and his surety shall accrue at any time after the maturity of their claims, and that no provision or requirement of that act shall be so construed as to deprive any person or claimant within the terms of the act of his right of action on the bond.

This statutory provision is a complete answer to the defendant's contention that the failure to serve the attested account relieved the contractor and surety from liability to the plaintiff.

The judgment appealed from is therefore affirmed.