BRUNOT; J.
 

 This is a concursus proceed-' ing. It grows out of a building contract for the construction of a dwelling on the site Nos. 4116-18 D’Hemecourt street, in the city of New Orleans. It was provoked by the assignee of a furnisher of materials, lien upon
 
 *446
 
 the building and ground. When the building was partially completed the contractor defaulted on the contract, and, at the request of his surety, the United States Fidelity & Guaranty Company, the owners completed the building. The costs of this work practically exhausted the reserve payments held by the owner under the terms of the contract. The owners, the surety, and all of the lienors were made parties to this proceeding. A special commissioner was appointed, who heard the testimony offered by all of the parties concerned, and, in his report to the court, recommended that judgment be rendered dismissing the action as to the owners of the property, canceling all of the recorded liens against it except the vendors’ lien and mortgage in favor of the Suburban Building
 
 &
 
 Loan Association, dismissing the claims of Mason Kline and E. Y. Martin, and in favor of the following lienors and against the contractor and his surety, in solido, for the respective amounts, with interest thereon, and costs, viz.:
 

 Mrs. Katinka Koelle Schreiber, Administratrix ....................................... $1,278 70
 

 Louisiana Cornice Works.................... 26 BO
 

 Borne-Norris Hardware Supply Company.. 200 63
 

 James Demoruelle
 
 &
 
 Sons, Inc.............. 166 00
 

 R. J. Laurent.................................. 315 00
 

 J. Watts Kearny
 
 &
 
 Son...................... 355 13
 

 Eugene Blasicb ............................... 90 00
 

 The' report of the special commissioner was opposed by the plaintiff and by the contractor’s surety, the United States Fidelity & Guaranty Company. The opposition of the plaintiff is solely upon the ground that the report does not allow plaintiff a reasonable attorney’s fee, but the surety opposes- each and every recommendation of the commissioner’s report.
 

 The court approved the report of the commissioner, and accordingly rendered judgment dismissing the plaintiff’s and the surety’s oppositions thereto, dismissing the suit as to the owners of the property, ordering the cancellation of all liens against the property, except the vendor’s lien and mortgage in favor of the Suburban Building & Loan Association, dismissing the claims of Mason Kline and E. Y. Martin, and in favor of each of the lienors named above, and against J. O. Edgard and the United States Fidelity & Guaranty Company, individually and in so-lido, for the respective amounts set opposite said lienors’ names, together with legal interest thereon from the date of the judgment until paid, and for costs, and in favor of Richard Lyons, special commissioner, and against J. O. Edgard and the United States Fidelity & Guaranty Company, individually and in solido, for $400, with legal interest thereon from the date of the judgment.
 

 From this judgment the United States Fidelity & Guaranty Company alone appealed.
 

 The plaintiff in these proceedings died pendente lite; his surviving widow in community qualified as administratrix of his succession, and, in that capacity, she and Miss Katinka Koelle Schreiber, as the sole heir of the deceased, were made parties to the suit.
 

 Appellant contests the claim of plaintiff upon the ground that the proof is not sufficient to support it. Plaintiff sued as the assignee of the Star Lumber Company. Mr. Koepp, the president and manager of that company, testified that, to the best of his knowledge, the account was correct; that he visited the building three, four, or five times; on an occasion, when the building was complete except setting the sash and similar finishing work, he looked around and was satisfied that all of the lumber from his company had been used. (Tr. pp. 79-80.) -It is shown that, prior to this suit, the contractor, in a written statement which was left in appellant’s office, admitted the correctness of the balance shown on the account of the Star Lumber Company,
 
 *448
 
 and, on cross-examination during the trial, the contractor testified to the correctness of the account as well as he could remember, and also that nothing had been paid thereon. (Tr. p. 70.)
 

 There is no evidence in the record to rebut the testimony of Mr. Koepp and the contractor.
 

 In the case of Madison Lumber Co. v. McGrath et al., 118 So. 845, the Orleans Court of Appeal held (syllabus, Nos. 1, 2):
 

 “The judicial admission of the contractor that materials were used in the erection of a building, corroborated by the testimony of a single witness, establishes a prima facie case in favor of the materialman against the surety.
 

 “The surety is entitled to make only the same defenses which the contractor is authorized to make.”
 

 In Audubon Homestead Ass’n v. A. Stef Lumber Co., 158 La. 1054, 105 So. 62, this court said (syllabus No. 3):
 

 “In concursus proceeding, where contractor was present in court, and did not take stand, testimony of single witness that^materials of lien claimants were used, and that contractor never - disputed that fact, held to establish prima facie case, and shifted burden of proof to surety company and contractor.”
 

 In Haynesville Lumber Co. v. Casey, 165 La. 1065, 116 So. 559, the court said (syllabus No. 1):
 

 “In suit by materialman against contractor and surety to recover for balance due for materials furnished for use in construction of building, evidence held sufficient to establish account without showing that all of material furnished actually went into construction of building.”
 

 Section 5 of Act 139 of 1922 contains the following provision:
 

 “In all eases where surety has been furnished, the surety shall be entitled to make only the same defenses. that the contractor for whom he signed the bond is authorized to make except as to the owner who has made payments in anticipation.”
 

 In Marsiglia v. McKee et al., 7 La. App. 753, the Orleans Court of Appeal say:
 

 “When the law relative to building contracts provides that the surety of the contractor shall be limited to such defenses only as the principal on the bond can make, the surety cannot make the defense that the materials ordered by the contractor were not used on the building.”
 

 We think the claim of James Demoruelle
 
 & Sons,
 
 Inc., is sufficiently established by the testimony of Mr. Demoruelle, who testified from the office files of the company, by dray receipts showing delivery of the material at the job, purporting to be signed by the workman who did the plastering of the house, and by the brother of the contractor, who, as an assistant to his brother, worked on the job and ordered the material from the claimant, to shift the burden of proof to the contractor and the surety.
 

 The claim of Louisiana Cornice Works is opposed because there is no such legal entity. It is shown that Mrs. Eichorn is sole owner of the Louisiana Cornice Works, which is the trade-name under which she has conducted the business for many years. The adoption of a trade-name is not unlawful. It is like a trade-mark, acquired by mere adoption coupled with actual use.
 

 The claim of Eugene Blasich is opposed because, for some unexplained reason, the evidence offered to support it was not filed in the court below and is not in the transcript. Appellant does not suggest that the claim was not properly proven, but merely that the evidence establishing it was not filed
 
 *450
 
 in the record of the case. With reference to this claim the special commissioner found the following:
 

 “Eugene Blasich claim for ninety dollars interest and costs.
 

 “The uncontradieted testimony shows that the material sold by the above person was delivered and used on the job and that the amounts claimed are due and correct.”
 

 The trial judge approved the commissioner’s finding of fact and rendered judgment accordingly. We do not think it is equitable to penalize the owner of a just and proven claim because the commissioner, or the stenographer under his control, who took down the testimony, inadvertently omitted to file it.
 

 The claims of Borne-Norris Hardware & Supply Company, R. J. Laurent, and J. Watts Kearny & Son are satisfactorily proven and are not referred to in the brief of counsel for appellant. It is contended, however, that when the contractor defaulted there was sufficient material on the ground to complete the building. There is testimony to that effect, but it is shown that the surety was promptly notified of the contractor’s default, and when the surety, thereafter, requested the owners to complete the building, it was found that additional material had to be purchased. There is a presumption, but no proof, that depredators removed some of the material from the premises in the interim between the contractor’s default and the surety’s request that the owners complete the building. Under these circumstances the loss, if any, must fall upon the surety.
 

 Eor these reasons we think the judgment appealed from is correct, and it is therefore affirmed, at appellant’s cost.
 

 ROGERS, J., takes no part.