## BOHUNEK v SMITH et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10527. Decided April 21, 1930

E. T. Austin, Cleveland, for Bohunek.

Garfield, Cross, MacGregor, Daoust & Baldwin and E. S. Lindemann, all of Cleveland, for Smith, et.

LEMERT, PJ and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting.

**LEMERT, PJ.**

The defendants claim that the work of Feb. 2, 1928, had no relation to the original contract which had long before expired. The work which was done on Feb. 2, 1928, was a small repair job for which no charge was made, on plaintiff's theory that he could connect it with the contractual obligation of guarantee for one year after installation.

If this bill for repair work had been charged to defendants, they would no doubt have been required to pay for it, but it is not the basis for the lien claimed herein which is entirely based on the work done under the contract some fifteen months before. The plaintiff, therefore, is obliged to establish that this work was done pursuant to the original contract and as a part of the obligation imposed upon him under

that contract. Bearing in mind that plaintiff's contractual obligation went no further than to install the heating system and guarantee against leaks or other imperfections for one year after installation, it therefore follows that the defendants had no right to require the plaintiff to do anything in February, 1928, without charge, as a part of the original contract for which he was entitled to make no extra charge. It is equally true that plaintiff could not, by merely failing to make a charge or by asserting that in his opinion he was required to continue for an indefinite period of years making any repairs that might arise, the contract containing no provision to that effect, set up this work done in Feb. 1928, as the last item of the work which was completed under the contract in 1926.

Sec. 8310 GC providing for a mechanic's lien, says that a contractor may have a lien for labor or material by virtue of a contract, express or implied, with the owner, etc., and that a sub-contractor may have such a lien on carrying forward, performing or completing any such contract. Thus it becomes incumbent upon plaintiff to show that the labor which he did in Feb., 1928, was done as a part of the contract made in 1925 and performed in 1926. Otherwise it was done on a separate arrangement or agreement and might have been the subject of a separate lien for that work alone. In fact the record before us shows that the original contract was made by Smith with Andrews who in turn contracted with Bohunek and there was no privity of contract between Smith and Bohunek. When, however, Bohunek was called upon to do the repair job in Feb., 1928, the arrangement was made directly with him and not with Andrews as would have been the fact under the original contract, and there was no suggestion by either party that the work was done under the original contract or was an obligation imposed by it.

As to the time for filing a lien, and whether or not the same is extended by doing a repair job after substantial performance of the contract, has been passed upon by the Supreme Court of Ohio and by the Court of Appeals of the 8th District in 50 Oh St 320.

Again, **Higgins Mfg. Co. vs. Hinig,** Case 10290, reported in **8 Abs 168,** is in direct line with the case at bar, wherein it holds among other things, that where a sub-contractor who has accepted the notes of the general contractor in payment of his lien, and has allowed time for filing of lien to elapse, cannot, by doing repair work revive his right to a lien.

The case of **Koblitz & Son vs Arnold, 22 C. C. (NS) 410** is a case directly in point.

It has been decided in this state and other jurisdictions that even if the work done was by way of correction of a defective item performed under the contract, it could and would not extend the time for a lien. 126 performed after the installation, are done under separate contracts. 43 Neb. 559.

The rule seems to be well established that where a contract to furnish material is to be regarded as completed, a subsequent gratuitous furnishment of material in the nature of a substitution or replacement to

remedy a defect in material originally delivered, will not operate to extend the time within which to claim a mechanic's lien, the presumption being that repair items performed after installation, are done under separate contracts. 43 Neb. 559.

We therefore find, in the instant case, that the question presented is a simple and not a difficult one. In short, Smith, the defendant, contracted with Andrews on a general contract, including a heating system; Andrews sub-contracts with Bohunek who finishes the job, taking the notes of Andrews who has himself been paid in full by Smith; fourteen months after the job is completed, Smith calls, not on Andrews with whom his contract was made, but directly on Bohunek to do a small repair job; fifteen months after completion of the original contract, Bohunek files his lien. We do not believe that the mechanic's lien law of Ohio was ever intended to permit a lien under such circumstances. If the owner, under such circumstances may be required to pay a sub-contractor after he has already paid the principal contractor and has paid twice, surely the sub-contractor must show a liberal compliance with the law and must file his lien within sixty days and that was not done in the instant case.

We therefore find and hold that the plaintiff was and is not entitled to maintain a lien against the property of the defendants, and a decree may be drawn for defendants. Exceptions may be noted.

Sherick and Roberts, JJ, concur.