## GEBHART-WUICHET LUMBER CO v LANE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1214. Decided April 2, 1934

Mattern & Sheridan, Dayton, for plaintiff.

Irvin C. Delscamp, Dayton, for defendant.

## OPINION

By THE COURT

Submitted on application of defendants, Frances M. Lane and George W. Lane, for a rehearing, and if application overruled, for certification of conflict to the Supreme Court.

In our former opinion we undertook to discuss the question which is again presented and urged in the application for rehearing. Upon further consideration we are of the same opinion heretofore announced. The application will therefore be overruled.

We are requested to certify our judgment to the Supreme Court as being in conflict with the judgment of the Court of Appeals of Cuyahoga County in **Bohunek v Smith,** 36 Oh Ap, 146 (8 Abs 605), and particularly the third syllabus of that case:

"Contract to furnish material being completed, subsequent gratuitous replacement to remedy original defect will not extend time for claiming mechanic's lien."

We perceive no conflict in the quoted syllabus and our judgment, when read in connection with the whole opinion. In the Bohunek case the work, performance of which was sought as a basis for perfecting the mechanic's lien, was done some 15 months after the original contract had been completed and under circumstances that was convincing to the reviewing court that it could not be considered a part of the original contract. The court in discussing this phase of the case at page 149 said:

"The plaintiff, therefore, would be obliged to establish that this work was done pursuant to the original contract, and as a part of the obligation imposed upon him under that contract. Bearing in mind that plaintiff's contractual obligation went no further than to install the heating system, and guarantee against leaks or other imperfections for one year after installation, it follows that the defendant had no right to require the plaintiff to do anything in February, 1928, without charge, as a part of the original contract for which he was entitled to make no extra charge."

The distinction is obvious. In the instant case we were of opinion that the extra work done by the contractor was part of his obligation under the original contract. Motion to certify overruled.

HORNBECK, PJ, and BARNES, J, concur.