47 N.J. Super. 588 (1957)
136 A.2d 444
WILLIAM RIGBERG, WILLIAM E. ROHLOFF AND BETTER ELECTRIC CO., A CORPORATION, PLAINTIFFS,
v.
NARDUC DEVELOPMENT CORP., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 27, 1957.
*590 Mr. Albert B. Melnik (Messrs. Hermann, Melnik & Lowengrub, attorneys), for Josiah E. DuBois, Jr., the receiver.
Mr. Mark Marritz (Mr. Abraham Greenberg, of counsel), for plaintiffs Rigberg and Rohloff.
Mr. Albert G. Driver, for John E. Bittner, a creditor.
HANEMAN, J.S.C.
This matter concerns itself with whether William Rigberg and William E. Rohloff are entitled to a mechanic's lien and thereby a preference in payment by the receiver for the Narduc Development Corporation. The facts in connection herewith are as follows:
Narduc Development Corp., a corporation of the State of New Jersey, hereinafter referred to as Narduc, owned two non-contiguous tracts of land, one situate in Delaware Township, Camden County, New Jersey, and the other in West Berlin, Camden County, New Jersey. In 1954 Narduc determined to subdivide these two tracts and to construct a number of houses on each tract. The housing development was to be carried on simultaneously at both locations as one project, even though the two tracts were some miles apart. In furtherance of this plan, Narduc entered into an oral contract *591 with William Rigberg (hereinafter referred to as Rigberg), under which Rigberg was to furnish all of the plumbing and heating materials required for each of the said houses. Narduc delivered to Rigberg a list of materials to be furnished for each house, which materials were to be delivered as separate items as directed by Narduc.
Rigberg filed a mechanic's notice of intention to furnish materials for the construction of each of the several houses in the Narduc developments. N.J.S. 2A:44-71. Each such notice described the separate lot or curtilage of land upon which a building was to be erected. N.J.S. 2A:44-70; N.J.S. 2A:44-72.
Thereafter Rigberg delivered materials to the several individual locations as directed by Narduc. Rigberg kept a running account showing the monthly items of materials furnished, with the prices therefor, and the monthly credits for payments. The balance of this account showed the aggregate net indebtedness due for the furnishing of materials to either or both tracts.
On September 16, 1955, on application duly made in accordance with the statute, Narduc was adjudicated insolvent and Josiah E. DuBois, Jr. was appointed as its receiver. The order adjudicating the insolvency of Narduc incorporated, inter alia, an injunction restraining the creditors from undertaking any legal proceedings to enforce their liens. By virtue thereof, Rigberg was prevented from filing a lien claim and perfecting his lien. N.J.S. 2A:44-91 et seq. The realty of the corporation was sold by the receiver, free of liens, which were directed to be attached to the proceeds of each sale.
Rigberg claims a lien on the proceeds of the sale of eight of the houses covered by his notices of intention, for which no payment was received, alleging that he furnished materials and made deliveries on two occasions within four months prior to the injunction and subsequent to May 16, 1955. He bottoms this contention upon the assertion that he had a single contract for the furnishing of all of the plumbing and heating materials required by Narduc for all of the *592 houses which Narduc would construct on both tracts, and that delivery under such contract to any one of said houses within four months prior to September 16, 1955 is sufficient to entitle him to a lien in the amount of the unpaid balance due for materials furnished to all eight houses, since he was prevented from filing his lien claim by the action of this court.
The deliveries to which he refers were made on August 17, 1955 and May 19, 1955, respectively. The delivery on May 19, 1955 consisted of five aerostats, or air controls for heating units, for which Narduc was charged $114.75. The explanation for this delivery is that the aerostats as originally specified in Narduc's list of materials contained "short elements" which, it was discovered, did not accomplish that for which they were designed. On that day Narduc ordered and had delivered to it other aerostats produced by the same manufacturer, but containing "long elements" which were better suited to its purpose.
The question is, therefore, whether this delivery constituted a furnishing of material under the contract for which the notices of intention were filed.
When items on a claim for the materials furnished within four months preceding the filing of a lien are relied on to validate the claim for materials furnished before that date, it must appear that the items within the limited period are so connected with the earlier items that together they constitute one debt. Bell v. Mecum, 75 N.J.L. 547 (E. & A. 1907); Federal Trust Co. v. Guigues, 76 N.J. Eq. 495 (Ch. 1909). See Annotation, 97 A.L.R. 780 (1935). The delivery must be directly related to the original contract for the furnishing of materials if Rigberg is to have the benefit of the mechanic's lien. Work done under a new and independent arrangement after the completion of the original contract does not set the time running anew so as to preserve a lien for the earlier work.
In Downington Mfg. Co. v. Franklin Paper Mills, 63 N.J.L. 32 (Sup. Ct. 1899), the court said, at p. 34:
*593 "* * * Two things must therefore have concurred to draw the plaintiff's claim within the benefit of the statute, viz.: A part of it must have accrued within the four months, and such part must have been so connected with the earlier part that together they made a single debt. * * * There is nothing in the statute that prevents such a result, or that limits the debt for which the lien is given to one contract or to a single order. The debt of which the statute speaks may, like any other debt, arise from the performance of a single direction, or it may be made up of several items for labor or materials furnished at different times and upon successive orders. The test is whether the evidence shows that either at the inception of the employment or during its progress there was a unity of purpose between the parties to link together the items of the growing account into one aggregate indebtedness. What circumstances will evince this purpose cannot be laid down by any general rule, as in the nature of things each case must present a new field for the ascertainment of its own facts. The question, however, belongs to the domain of fact and must be so treated."
Work done by way of correction of defective items would not serve to extend the time for the lien, and a subsequent gratuitous furnishing of material in the nature of the substitution or replacement to remedy a defect in material originally delivered will not operate to extend the time within which to claim a mechanic's lien. Peerless Unit Ventilation Co. v. D'Amore Const. Co., 283 Mass. 121, 186 N.E. 280 (Sup. Jud. Ct. 1933); Bohunek v. Smith, 36 Ohio App. 146, 172 N.E. 852 (Ct. App. 1930). See Annotation, 54 A.L.R. 984 (1928).
"But where a claimant, after a contract is substantially completed, does additional work or furnishes additional material which is necessary for the proper performance of his contract, and which is done in good faith at the request of the owner or for the purpose of fully completing the contract, and not merely as a gratuity or act of friendly accommodation, the period for filing the lien will run from the doing of such work or the furnishing of such materials, irrespective of the value thereof."
District Heights Apartments, Section D-E v. Noland Co., 202 Md. 43, 95 A.2d 90, 39 A.L.R.2d 387 (Ct. App. 1953).
Here we have neither a replacement of a defective item nor a gratuitous furnishing. The sale and delivery was of a new and different item for a price.
*594 The contract between Rigberg and Narduc contemplated the furnishing of all the materials and parts required for a complete plumbing and heating system in each of the houses in both tracts. The contract contemplated one debt for the furnishing of all such materials. The sale and delivery of the five aerostats on May 19, 1955 must therefore be considered as a delivery under the original contract between Rigberg and Narduc and within the contemplation of the parties at the time they made that contract.
Rigberg failed to prove that the alleged delivery of August 17, 1955 was made in connection with the contract to furnish materials to either of the tracts here involved. The testimony discloses that the delivery was made to a Mrs. Nardi, wife of one of the prime movers of Narduc, at her home. There was no proof that it was made to her as an agent for Narduc or for the purpose of constructing any of the houses in said housing development. This delivery being apart from the original contract and not covered by a mechanic's notice of intention, cannot form the basis for a lien claim. N.J.S. 2A:44-71.
It is therefore here held that there was a delivery, as required by the statute, on May 19, 1955 and that Rigberg is entitled to a lien. The amount of the lien shall be the unpaid balance due for all of the materials furnished to both tracts up to and including the delivery of May 19, 1955.
William E. Rohloff (hereinafter referred to as Rohloff) also had an oral contract with Narduc. The terms, as might be expected, are not crystal clear. I do not have the benefit of the testimony of the person who made this contract on behalf of Narduc, since he is not available. However, I am satisfied that on or about August 5, 1954, when Rohloff filed individual notices of intention to perform labor and furnish materials on 27 houses to be constructed by Narduc, he then had a contract to do all of the electrical work on each of these 27 houses and that he was to be paid at the rate of $105 for rough wiring, $105 for finished wiring, and $15 for heater wiring on each of the houses. That contract obligated him to perform the electrical work for Narduc on both the Delaware *595 Township and the West Berlin tracts referred to above. Although there was no work performed on the West Berlin tract after May 16, 1955, Rohloff did perform work on two or three houses in the Delaware Township tract subsequent to that date. The work so performed is directly related to the one contract for the furnishing of services for both tracts.
For the reasons assigned in the Rigberg claim as above stated, I find that Rohloff is as well entitled to a mechanics lien in the amount of the unpaid balance due on his contract.
Judgment will be entered accordingly.