EDWARDS, Judge.
Dicon, Inc. and Travelers Indemnity Company appeal a judgment of the trial court in favor of Reily Brothers, Inc., which recognized a materialmen’s lien in the amount of $12,030.53, together with the cost of filing the lien and interest from date of judicial demand. The appeal is presently before us both on a motion to dismiss and on the merits.
ON THE MOTION TO DISMISS
On October 31, 1977, Reily Brothers, the appellee, filed a motion to dismiss, contending that the judgment herein was not final at the time the order of appeal was signed, and consequently, the appeal was premature and should be dismissed.
We find no merit in this contention.
The trial court rendered judgment in this suit on March 21, 1977 and notice of judgment was sent on March 22,1977. A timely application for a new trial was filed on behalf of Dicon and Travelers on March 28, 1977. A hearing on the motion for a new trial was held on May 9,1977, at which time the trial court denied the motion as reflected- in the Extract of Minutes. Dicon and Travelers filed an Order for Appeal and an Appeal Bond on May 27, 1977. On August 5,1977, the trial judge signed a formal written judgment denying their motion for a new trial.
The- delay for perfecting a suspensive appeal begins, in cases such as the present where a timely application for a new trial has been filed, from the date of the trial court’s refusal to grant the motion. LSA-C.C.P. article 2123.
The refusal to grant a new trial is an interlocutory order or judgment, and consequently there is no requirement for a signed written judgment. Simon v. Lumbermans Mutual Casualty Co., 138 So.2d 465 (La. App. 3rd Cir. 1962).
Therefore the delay for perfecting a suspensive appeal began when the motion for a new trial was denied in open court on May 9, 1977. See Caston v. Argonaut Ins. Co., 244 So.2d 320 (La. App. 1st Cir. 1970).
The appeal perfected on May 27, 1977 was therefore timely and was not premature.
Accordingly, the motion to dismiss is denied.
ON THE MERITS
The record indicates that on May 10, 1974, Dicon entered into a building contract, as general contractor, for the construction of a shopping center in Bogalusa. Travelers issued a performance bond to Di-con. The contract and bond were thereafter filed in accordance with LSA-R.S. 9:4801 et seq.
Plaintiff, Reily Brothers, is an electrical supply company in New Orleans and from October 1974 until January 1975, it furnished electrical fixtures and materials to Dicon for use in the construction of the shopping center. Some of these materials were furnished under written purchase orders, while others were supplied in response to verbal orders placed by Dicon’s project manager, R. L. Tucker. All the materials supplied by plaintiff were ordered and shipped from the respective factories directly to the construction site. Plaintiff received invoices and bills of lading from the various factories, paid these invoices, and in turn billed Dicon for the materials.
*653 Bernard J. Slutsky, plaintiff’s contract department manager, testified that they did not have signed delivery receipts for the materials because they had been shipped directly from the manufacturers. However, he testified that the bills of lading were evidence that the materials had been shipped. He further testified that prior to trial he had conducted an inspection of the shopping center; and had observed and counted electrical fixtures conforming in quantity and description to those on the disputed invoices.
Robert Ramsey, Dicon’s president, testified that he refused to pay the invoices because Reily Brothers could not furnish signed delivery receipts for the disputed materials.
On April 10, 1975, plaintiff filed a lien in accordance with LSA-R.S. 9:4801 et seq. against the property in question.
The shopping center construction was accepted by the owners on June 22, 1975.
Reily Brothers instituted this suit on March 31,1976 against Dicon and its surety, Travelers. The owners of the property are not parties in this suit.
The trial court found that plaintiff, though it could not present signed delivery receipts, had amply proven by competent circumstantial evidence, especially the testimony of Slutsky, that the disputed materials had in fact been delivered to Dicon at the construction site.
Dicon and Travelers urge that the trial court erred in two respects: 1) in overruling their exceptions of no cause of action, no right of action and prescription; and 2) in holding that there was sufficient proof that the disputed materials were delivered to the construction site.
Dicon and Travelers contend in their peremptory exceptions that plaintiff’s failure to serve the sworn detailed statement of its claim on all the owners of the shopping center violates LSA-R.S. 9:4802. They argue that the lien is therefore invalid and that Reily Brothers cannot maintain this suit.
We are unable to find any case in which the validity vel non of a lien is determined based on whether or not a claimant has served his claim on one but not all the owners of the subject property. However, we need not reach this issue since the filing of the sworn statement of account on the owner is not a condition precedent to a right of action by the furnisher of materials against the contractor and surety. Shreveport Mutual Building Ass’n v. Whittington, 141 La. 41, 74 So. 591 (1917). Compare Haynesville Lumber Co. v. Casey, 165 La. 1065, 116 So. 559 (1928).
We find that there is no merit to appellants’ exceptions of no cause of action and no right of action. We also find that the exception of prescription is equally unfounded as the instant suit was instituted within a year of (both the filing of the lien on the property and) the acceptance of construction. Therefore the action was not prescribed. See, LSA-C.C. article 3544 and LSA-R.S. 9:4814.
On the issue of delivery, Dicon and Travelers rely heavily upon the decision in Jahncke Service, Inc. v. Foret, 139 So.2d 554 (La. App. 4th Cir. 1962) to support their contention that Reily Brothers cannot prevail absent the production of signed delivery tickets.
We do not find that Jahncke supports this contention. The Court in Jahncke stated at page 557:
“All that the furnisher of materials to be used under a contract for private construction is required to do, in order to collect from the contractor and his surety, is to show by competent proof that the material was delivered to the job site. . "
We find that plaintiff in the instant case has met this burden of proving delivery through the testimony of Slutsky, who testified regarding the various invoices and his personal inspection of the shopping center. We believe, as did the trial court, that this evidence, though circumstantial, amply proves that the disputed materials were supplied by Reily Brothers and delivered to Dicon at the construction site.
*654 For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.