74 So.2d 198

## MAYRONNE LUMBER & SUPPLY CO., Inc.

v.

## HOUSTON FIRE & CASUALTY INS. CO. et al.

### No. 41353.

July 2, 1954.

Bienvenu & Culver, P. A. Bienvenu, New Orleans, for defendant-appellant.

Deutsch, Kerrigan & Stiles, Robert E. Leake, Jr., New Orleans, for appellee.

McCALEB, Justice.

Plaintiff, having sold and delivered approximately $39,000 worth of building material and supplies to L & J General Contractors, a copartnership, for use in the construction of certain houses in Stemway Drive, a subdivision in New Orleans, brought this suit under LSA–R.S. 9:4801 et seq., to recover the price of the materials. Named as defendants were the contracting firm, the individuals composing it, Houston Fire & Casualty Insurance Co., the statutory surety of the contractor, and the owners of the subdivision. After a trial, judgment was rendered in plaintiff's favor for the amount of the claim, less certain credits, against the contracting firm, one of its partners and the surety. The latter has prosecuted this appeal from the adverse judgment.

It is conceded that all of the materials involved were sold by plaintiff to the contractor and were actually used in the construction project. However, the surety company contends that it is not responsible for approximately one-fifth of these materials because they were not delivered directly to the subdivision, it being shown that they were first brought to a shop owned by one of the partners of the contracting firm, where they were converted into door frames, cabinets, etc., which were delivered to the construction site and used in the buildings of the subdivision.

■ There is no merit in the proposition. LSA–R.S. 9:4803 provides, in substance, that where the owner of land has required the contractor to furnish the bond provided for by LSA–R.S. 9:4802, as in this case, " * * * the surety thereon shall be liable in solido with the contractor for all labor and materials used in the said work of improvements * * * up to the amount of the bond * * *". Hence, it matters not whether the material or supplies furnished are brought directly to the construction site or are converted into other objects by the contractor provided, of course, they are ultimately used in the building.

In contending that delivery of the materials to the building site in their original form is essential to preserve the lien and render the surety liable, counsel cite LSA–R.S. 9:4812 and the cases of Graphic Arts Bldg. Co. v. Union Indemnity Co., 163 La. 1, 111 So. 470; Haynesville Lumber Co. v. Casey, 165 La. 1065, 116 So. 559; Hortman-Salmen Co. v. Raymond, 13 La.App. 490, 127 So. 452; Derbes v. Marshall, La. App., 183 So. 74 and Laney Co. v. Airline Apartments, 223 La. 1000, 67 So.2d 570.

LSA–R.S. 9:4812 is without pertinence here. That provision applies to the privileges accorded materialmen, etc., their recordation and rank, in instances where the construction contract has not been recorded by the owner.

Nor do the cases cited by counsel sustain their argument. Those adjudications pertain to the burden of proof in these matters. They hold that the materialman need not show that the supplies or materials were actually used in the building to make out a prima facie case but only that they were delivered to the premises. It is then incumbent upon the owner to prove that they were not used in the construction work in order to defeat the privilege accorded by law.

■ In an answer filed in this court, plaintiff claims damages for frivolous appeal. While we do not agree with the contention made on behalf of the surety, it is not manifest to us that the appeal was either taken for purposes of delay or that counsel did not believe that there was merit in the contention advanced by them. Hence, it would be improper for us to conclude that the appeal is frivolous. Silber-

berg v. Kalin & Mickal, 159 La. 560, 105 So. 620; Tulane Hardwood Lumber Co. v. Singer Lumber Co., La.App., 168 So. 368.

The judgment appealed from is affirmed.