REGAN, Judge.
Plaintiff, Henry Robinson, instituted this suit against the defendants, Robert J. Clayton and Gloria G. Clayton as owner and operator, respectively, of an automobile, endeavoring to recover $221.70, representing property damage incurred on March 1, 1958, when the defendant’s automobile collided with plaintiff’s truck in the intersection of City Park and Orleans Avenues as a result of the negligence of Gloria Clayton in failing to obey a stop sign.
Defendants answered and, in substance, denied any negligence on their driver’s part, and in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the plaintiff and against the defendant, Robert Clayton, as prayed for, and dismissing plaintiff’s suit against Gloria Clayton, the defendant cast has prosecuted this appeal. Plaintiff has answered this appeal, requesting the assessment of damages against the defendant in the amount of ten percent of the judgment for having perfected a frivolous appeal.
The record reveals, merely for the purpose of orienting the situs of this accident, that City Park Avenue is a broad thoroughfare composed of two roadways, one of which accommodates traffic moving gen *274 era-lly in the direction of Carrollton Avenue, the other, in the direction of Canal Boulevard. These roadways are separated "by a rather narrow neutral ground.
The collision occurred in the roadway -of City Park Avenue, which services traffic moving toward Carrollton Avenue, where it is intersected by Orleans Avenue.
Plaintiff testified, and his testimony was fully corroborated by his wife, a passenger, that prior to the accident, he was driving his truck in Orleans Avenue, and upon reaching the point where it enters City Park Avenue, he stopped in obedience to a traffic sign. After ascertaining that it was safe, he started to cross City Park Avenue in order to enter Marconi Drive, which is a continuation of Orleans Avenue. When the front of his truck was near the neutral ground, he noticed a vehicle approaching from his right, traveling in the general direction of Canal Boulevard at a high rate of speed. Although plaintiff knew this motorist was required to stop before entering the intersection, out of an abundance of caution, he stopped his truck ■so that a portion thereof extended into the Carrollton Avenue bound roadway of City Park Avenue. While plaintiff’s truck -occupied this position, the defendant’s vehicle, which was moving in City Park Avenue toward Carrollton Avenue, disregarded a stop sign which faced her where St. Patrick Street intersects City Park Avenue[1] and collided with the left cab door of plaintiff’s truck. Shortly after the collision, Mrs. Clayton apologized to the plaintiff and explained that the accident occurred because she failed to see him.
Defendant, Mrs. Clayton, on the other hand, related that she obeyed the stop sign. She denied that the plaintiff’s truck was stopped in the roadway in which she was driving, but insisted that the truck failed to obey the stop sign regulating the entrance to Orleans Avenue traffic into City Park Avenue and, therefore, the truck was in motion when the accident occurred. However, she confirmed the plaintiff’s statement to the effect that she had apologized for running into him and at that time explained she had not seen the truck.
The police officer who investigated the accident appeared as a witness on behalf of defendants and, in substance, testified as to the respective locations of the vehicles after the collision in relation to the stop signs, and the general area where debris had fallen into the street.
Counsel for plaintiff contends that the proximate cause of the collision was the failure of Mrs. Clayton to obey the stop sign, and, he maintains, even conceding that she did obey the traffic sign, she failed to observe plaintiff’s stopped truck and thus avoid the accident.
Defendant asserts that she was driving in a favored roadway once she resumed movement after obeying the stop sign and, in addition thereto, that she had preempted the intersection.
The foregoing résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version of the manner in which the accident occurred and, therefore, concluded that the plaintiff was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the driver of defendant’s car in either failing to obey a stop sign, or, by her own admission, in failing to observe the plaintiff’s truck, even if she did stop.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing *275 testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is, therefore, correct.
 It is our opinion that plaintiff’s request for damages, predicated on the hypothesis that the defendant perfected a frivolous appeal, is not well founded. Appeals are favored by the very nature of our judicial process and they will not be considered as frivolous unless it is apparent that the appellant’s counsel did not honestly believe that there was merit in his case, and that the appeal was prosecuted merely for the purpose of delay. We have not discovered the existence of such a situation herein.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. This was approximately 35 feet removed from where plaintiff’s vehicle had stopped.