YARRUT, Judge.
From a judgment for Plaintiff for $461.-98, which includes 12% statutory damages, plus legal interest, and $100.00 attorney’s fee and costs, Defendant has taken this appeal.
Plaintiff bases his claim as insured under two policies of industrial insurance issued by Defendant, one insuring against loss due to hospital confinement, and the other for surgical expenses. The $461.98 includes $411.50 for hospital confinement, and $50.48 as 12% statutory penalty under LSA-R.S. 22:658, if Defendant’s failure to pay was “arbitrary, capricious, or without probable cause.”
Defendant, a foreign industrial insurance corporation, admits the issuance of the policies, but denies liability because, in his application for the insurance, Plaintiff knowingly made false statements regarding his health, including denying having consulted a doctor and that he had previous medical or surgical treatment; the falsity of which was proved by hospital records offered in evidence.
On the trial of the case counsel for Plaintiff objected to the introduction of Plaintiff’s application on the ground that it is not admissible in evidence, since it was not attached to, or otherwise made part of the policy.
The principal issue is whether the application for policies of health and accident insurance, under which recovery is sought herein, was properly admitted and considered by the lower court.
LSA-R.S. 22:618, subd. A provides that an application for an insurance policy is inadmissible “unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213A (1) and 22:259(2).”
*4 Defendant contends that, as the policies here are industrial policies, issued under LSA-R.S. 22:213, subd. A, they are specifically exempted from the operation of LSA-R.S. 22:618,. subd. A.
On the other hand, Plaintiff urges that, inasmuch as Defendant failed to designate the policies as “Industrial Policy,” as required under LSA-R.S. 22:216, they may not be considered as industrial policies; or, alternatively, that they must be considered under LSA-R.S. 22:219, subd. A, which provides as follows:
“A. The falsity of any statement in the application for any policy covered by this Part shall not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer. The insured shall not be bound by any statement unless made in a written application in the case of domestic industrial insurers, and in the case of other insurers, unless a copy of such application is attached to or endorsed on the policy as a part thereof.”
Whether the policies are industrial must be resolved by reference to LSA-R.S. 22:251 and LSA-R.S. 22:252, the pertinent provisions of which read:
“Industrial life insurance is hereby defined and shall be construed to be that insurance which is issued by a (1) domestic life insurance company, qualified as an industrial insurer, or (2) a life insurer, domestic or foreign, whose policies provide any or all of the benefits enumerated in R.S. 22:252, and whose policies shall not exceed the limitation set forth therein and whose policy provisions and nonforfeiture benefits are at least as favorable to the policyholder as those contained in R.S. 22:259, and R.S. 22:256, respectively.”
LSA-R.S. 22:252 reads, in part:
* * * * * *
“B. * * * and any life insurer foreign or domestic, may issue:
5k 5jí H1 4*
“(a) Disability benefits;
“(b) Dismembered and broken limbs and/or loss of eyesight benefits;
“(c) Payment for or furnishing of hospitalization, drugs, attending physician and surgical costs; * * * ”
Based upon the foregoing provisions, we must conclude the policies here are industrial policies, notwithstanding that they were not designated as such, as required under LSA-R.S. 22:216.
However, even though an insurer violates the provisions of LSA-R.S. 22:216, the policies are subject to, and governed by PART VI of the Insurance Code, LSA-R.S. 22:218, which provides:
“A policy issued in violation of this Part shall be held valid but shall be construed as provided herein, and when any provision in such a policy is in conflict with any provisions of this Part, the rights, duties and obligations of the insurer, the policyholder and the beneficiary shall be governed by the provisions of this Part.”
Under the express mandate of LSA-R.S-22:218 the policies here are subject to all of the provisions of PART VI and, more specifically, the provisions of LSA-R.S. 22:219, subd. A dealing with the effect to be given to an application, quoted supra.
Since Defendant is a foreign, rather than a domestic, insurer it follows that the application, a copy of which was neither attached to the policies, nor endorsed thereon as a part thereof, was inadmissible for the purpose of showing fraud on part of the insured.
As Plaintiff has made out his prima facie case of hospitalization and surgical treatment and the cost thereof, he is entitled to recover such amounts, plus penalty and attorney’s fee fixed by the statute, as Defend *5 ant’s inability to prove its alleged defense was due to its own violation of the applicable statute, quoted supra.
For the reasons herein assigned, the judgment appealed from is affirmed; Defendant to pay costs in both courts.
Affirmed.