HENRY F.-TURNER, Judge ,pro tern,.
, This case was previously before this court, and our opinion is recorded in 159 So.2d 3. A mandate in that case was-returned to the court of original jurisdiction. The defendant .figured the amount due plaintiff under the judgment and' tendered its check in full satisfaction of said' judgment. The plaintiff refused to accept defendant’s check in full satisfaction, claiming that .this court had amended the judgment of the lower court and that the amount due was greater than that tendered. For the purposes of this opinion we will briefly-note the facts in the reported case.
Mack Parker applied for and obtained aa industrial policy from the defendant whicln provided -for hospitalization and medical! coverage. Shortly thereafter, he went into, the hospital and incurred certain expenses, for which he filed a claim under his policy.. *369 The defendant claimed that Mack Parker had secured the policy by false and fraudulent representation and declined to recognize the claim, whereupon Parker, through his attorney, brought suit and itemized his claim as follows:
“1. Hospital confinement covering a period from or about January 17, 1962 to February IS, 1962; a period of 29 days at $13.50 per day (policy No. 17409493) $391.50
“2. Abscess requiring hospital confinement (policy No. 17409492) $ 20.00
“3. Twelve (12%) per cent penalties as provided for in LSA-R.S. 22:658 $50.48
“Total $461.98”
After a trial of the case, the lower court gave judgment as prayed for, and from this judgment defendant perfected an appeal to this court. Plaintiff neither, appealed nor answered the appeal of defendant. This court affirmed the judgment of ■ the ■ lower court. A motion for a rehearing was denied, and subsequently writs were refused by the Supreme Court.
In the opinion of this court, which, incidentally, was written by a member of this panel, the judge stated: (159 So.2d 3)
“From a judgment for Plaintiff for $461.98, which includes 12% statutory damages, plus legal interest, and $100.-00 attorney’s fee and costs, Defendant has taken this appeal.”
He concluded his opinion by stating:
“As Plaintiff has made out his prima facie case of hospitalization and surgical treatment and the cost thereof, he is entitled to recover such amounts, plus penalty and attorney’s fee fixed by the statute, as Defendant’s inability to prove its alleged defense was due to its own violation of the applicable statute, quoted supra.” (The applicable-statute quoted supra was LSA-R.S. 22:618.)
Following this impasse, defendant filed a rule in the lower court to have the court mark the docket “Satisfied” on payment by the defendant of the amount tendered. The plaintiff likewise filed a rule on the defendant to show cause why -the amount how due should not be calculated at a greater sum than tendered. The rules were heard by the judge of the City Court and he rendered a judgment, on defendant’s rule, ordering plaintiff to accept the amount tendered and that the docket be marked “Satisfied”. From this judgment plaintiff has appealed to this court. His complaint is that this court amended the judgment of the lower court in the.reported case wherein we said “plus penalty and attorney’s fee fixed by the statute”, arguing that the amount fixed by the statute was 100% penalty rather than the 12% allowed.
When v?e consider the fact that plaintiff sued under LSA-R.S. 22:658 and prayed for judgment under that statute and neither appealed from the judgment nor answered the appeal, he is now estopped’ to take any further action. Conceding that the judgment was erroneous, it was an error of law and not an error of fact and calculation as contended by. plaintiff. It is hard to understand a plaintiff who has received judgment as prayed for plus attorney’s fee (plaintiff has never interposed an objection to the amount of the attorney’s fee awarded him). He received all that he asked for.
As counselor for plaintiff has pleaded the wrong statute, his remedy would have been to correct it before the judgment became final. His passive and acquiescent action mitigates against him, and the judgment on the rule by the lower court is unquestionably correct. While it is true that courts have the power to and will correct errors in calculation, this case presents no such problem.
The cases are legion holding that unless an aggrieved party appeals or an *370 swers the appeal, there is nothing- for the court to consider in his behalf, even though suggested in brief. Douga v. Ancona Baking Company, Inc., La.App., 193 So. 271; Dupuy v. Godchaux Sugars, Inc. et al, La.App., 184 So. 735; Pecorara et ux v. Kopanica et al., La.App., 173 So. 203; Gathe v. Broussard et al, 49 La.Ann. 312, 21 So. 839.
 Our former opinion can leave no doubt even to the uninitiated or layman that we affirmed the judgment of the lower court. Had we intended to amend or change the judgment in any manner we would have so stated. It is the purpose and duty of appellate courts in their judgments to end rather than foment litigation, and in our opinions we strive toward that end. We clearly stated in capital letters “AFFIRMED”. A definition of “Affirmed” is best expressed in Black’s Law Dictionary which, citing a case from Wyoming, states that:
“In the practice of appellate courts, to affirm a judgment, decree, or order, is to declare that it is valid and right, and must stand as rendered below; to ratify and reassert it; to concur in its correctness and confirm its efficacy. Boner v. Fall River County Bank, 25 Wyo. 260, 168 P. 726, 727.”
The defendant in this case has answered plaintiff’s appeal and seeks penalty on the basis of a frivolous appeal. We think this case unquestionably poses a frivolous appeal. Plaintiff has never, by written pleading of any manner or type, sought to invoke the penalty he now claims under LSA-R.S. 22:657 as granted under 22:658 which he pleaded in his petition. It will be noted in this regard that the imposition of penalties under the two sections of the Insurance Code are based on different questions. Each section (657 being a penalty under health and accident policies, and 658 being under policies other than those provided for under 657) grants an exemption from penalties under certain conditions. Section 657 states as an exemption “ * * * unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist * * * ”; while Section 658 exemption provides: “ * * * when such failure is found to be arbitrary, capricious, or without probable cause * * * Defendant in this case had no chance to meet the accusations under Section 657, as it was not pleaded, and to this date has not had its day in court under the penalty provisions for the 100% penalty attorney’s fee provided in Section 657. It would be improper for the court to consider a statute not pleaded on which the defendant has not had an opportunity to defend and for the court to arbitrarily fix damages thereunder. It is entirely possible that had the lower court heard and considered the evidence on proper pleadings under LSA-R.S. 22:657, it might not have imposed any penalty at all.
We have concluded that this appeal is frivolous. The appeal, however, was obviously not taken for purposes of delay, and defendant-appellee has not suffered any monetary loss by reason of the appeal other than having paid its attorney to represent it in this appeal and is therefore entitled to attorney’s fee. It is our opinion that $125.-00 will compensate defendant-appellee as a penalty for a frivolous appeal.
The judgment appealed from is therefore affirmed at appellant’s cost, and it is now ordered that defendant-appellee have judgment in the amount of $125.00 as attorney’s fee, said amount to be credited on the judgment against it in this case. The judgment appealed from is therefore affirmed, and judgment is entered for defendant-appellee in the sum of $125.00.
Affirmed and judgment for defendant-appellee rendered.