179 So.2d 634

Mack PARKER

v.

INTERSTATE LIFE & ACCIDENT
INSURANCE COMPANY.

No. 47723.

Nov. 8, 1965.

Harry H. Howard, New Orleans, for applicant.

Perrin C. Butler, Metairie, Porteous & Johnson, New Orleans, for respondent.

McCALEB, Justice.

Certiorari was issued in this proceeding limited to a consideration of the propriety of the appellate court's assessment of $125

damages against plaintiff for frivolous appeal. This award was imposed in ancillary proceedings to litigation between plaintiff and defendant insurance company in which the former recovered judgment as insured under two policies of industrial insurance issued by defendant, one insuring against loss due to hospital confinement and the other for surgical expenses. In the original proceeding, plaintiff sought and secured judgment in the First City Court of New Orleans for $411.50 for hospital confinement, $50.48 as a 12% statutory penalty under R.S. 22:658,[1] together with $100 attorney's fees and legal interest.

On appeal to the Court of Appeal, Fourth Circuit, this judgment was affirmed, the court concluding that plaintiff was entitled to recover the amounts expended for hospitalization and surgical treatment " * * * plus penalty and attorney's fee fixed by the statute, as Defendant's inability to prove its alleged defense was due to its own violation of the applicable statute, quoted supra." [2] The judgment appealed from was accordingly affirmed. See Parker v. Interstate Life & Accident Insurance Co., La.App., 159 So.2d 3.

Following the finality of this judgment [3] defendant tendered plaintiff a check for $628.73 pursuant to the decree of the trial court, as affirmed by the Court of Appeal. This tender was refused by plaintiff as his counsel conceived that the Court of Appeal had applied the proper penal section of the Insurance Code, R.S. 22:657, and assessed a penalty of double the amount of the insurance benefits. This interpretation of the Court of Appeal's judgment was founded on the statement in the opinion that plaintiff was entitled to recover the cost of hospital and surgical treatment, "plus penalty and attorney's fee fixed by the statute", counsel contending that the only applicable penal statute, relating to

1. Since plaintiff's claim was based on an health and accident policy, he was mistaken in seeking a 12% penalty for failure to pay without probable cause under R.S. 22:658, as that section applies to other insurance contracts. The provision pertinent to health and accident policies is R.S. 22:657, which prescribes a penalty of double the insurance benefits when refusal to pay is not based on just and reasonable grounds. Unquestionably, the penalty was assessable in this case as the insurer was not permitted to introduce evidence to support its special defense. See 159 So.2d 3.

2. Meaning, of course, R.S. 22:218 and not R.S. 22:658, as counsel for defendant have contended in the present proceeding. It appears from the opinion reported in La. App., 159 So.2d 3 that the defense of the insurer was that plaintiff had made misstatements in his written application for the insurance. The Court of Appeal rejected this defense holding that, since defendant is a foreign insurer, plaintiff's application was inadmissible for the purpose of showing fraud on his part in securing the insurance as a copy of the application was neither attached to the policies nor endorsed thereon as a part thereof as required by R.S. 22:218.

3. Defendant insurer applied for a writ of review to this Court which was refused with the notation "The judgment of the Court of Appeal is correct". See 245 La. 731, 160 So.2d 595.

health and accident contracts, is Section 657 of Title 22 and not R.S. 22:658, as alleged in plaintiff's petition. Thus, it was asserted that the correct amount to be paid in satisfaction of the judgment was $1014.-23.

Conformably with its position that the total judgment was $628.73, defendant filed a rule in the First City Court for plaintiff to show cause why its tender of that amount should not be accepted and the docket marked "satisfied".

Plaintiff likewise filed a rule for the defendant to show cause why the total amount to be paid in satisfaction of the judgment should not be calculated at the sum of $1014.23 under R.S. 22:657. In this rule, plaintiff's counsel reiterated his position that the Court of Appeal necessarily applied the correct penal statute in affirming the judgment and further claimed that the proper amount of the penalty was a matter of calculation which was subject to correction by the lower court.

After a hearing on the two rules, judgment was rendered in defendant's favor and plaintiff was ordered to accept the amount tendered and mark the docket "satisfied". Plaintiff then appealed to the Court of Appeal.

Defendant filed answer demanding damages for frivolous appeal, as provided by Article 2164 of the Code of Civil Procedure, it being alleged that the appeal

" * * * has been taken merely for delay because appellee stands ready to pay all sums due and owing under the original judgment rendered herein * * * has made offer to pay all sums due and owing under the provisions of said judgment, and as a result, appellant (sic) appeal is frivolous * * * and can effect no results other than to harass and delay appellee, giving rise to further interest, expenses and costs and thereby causing said appellee to incur unnecessary expenses and attorney's fees, for which damages is hereby made." (sic)

After hearing, the Court of Appeal affirmed the judgment of the First City Court. It correctly concluded that plaintiff had sought and secured 12% statutory penalties under R.S. 22:658; that the judgment had been affirmed in the Court's first opinion in the case and that plaintiff was not entitled to a change therein, since he had neither appealed from the original judgment nor did he answer the appeal taken by defendant. See La.App., 172 So.2d 367.

Then, considering defendant's plea for frivolous appeal, the court found that, inasmuch as plaintiff had never by written pleading sought to invoke the penalty he is now claiming under R.S. 22:657, the appeal, although not taken for purposes of delay, was unquestionably frivolous and assessed damages against plaintiff in the sum of $125, as attorney's fee, said amount

to be credited on the judgment against defendant in the case. As aforesaid, we granted certiorari limited to a consideration of the assessment of damages for frivolous appeal.

It is relator's contention that the Court of Appeal erred in awarding damages for frivolous appeal because, admittedly, the appeal was not taken for purposes of delay and his counsel was sincere in his belief that the Court of Appeal, when it awarded the penalty "fixed by statute", meant the proper and applicable statute, R.S. 22:657, notwithstanding that the judgment below, in accordance with the petition, was for penalties under R.S. 22:658.

■ Article 2164 of the Code of Civil Procedure provides that damages may be awarded for frivolous appeal. But, as stated in Lanza Enterprises, Inc. v. Continental Insurance Co., La.App., Third Circuit (cert. denied), 129 So.2d 91, the language of the Article does not have the effect of changing the prior jurisprudence to the effect that damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious. See Mayronne Lbr. & Sup. Co. v. Houston Fire & C. Ins. Co., 225 La. 1017, 74 So.2d 198 and cases there cited. See also Robinson v. Clayton, (La.

App.) 118 So.2d 273; Hamilton v. Goeders (La.App.) 121 So.2d 859 and Bergeron v. Southern Farm Bureau Casualty Ins. Co., (La.App.) 169 So.2d 407.

Primarily, it appears in the instant case that the Court of Appeal has gone beyond the allegations of defendant's answer to the appeal—for its claim for damages is essentially based on the averment that plaintiff's appeal was taken merely for purposes of delay, which obviously cannot be so, as the Court of Appeal readily recognized. But the court nevertheless adjudged the appeal frivolous, holding in effect that plaintiff's counsel could not have believed that there was any merit in his position that the court allowed plaintiff a greater penalty than that given by the City Court because its decree had stated that the judgment was affirmed and that, since plaintiff neither appealed nor answered defendant's appeal, there was no foundation for the contention that the penalties were refixed by it under R.S. 22:657. This conclusion, in essence, constitutes a rejection of counsel's statement as to the sincerity of his belief in the merit of plaintiff's appeal on the ground that, in view of the facts and surrounding circumstances of the case, he must be held to have known that plaintiff had no chance, as a matter of law, to have the judgment corrected.

■ We do not coincide with these views. At the outset, it is patent that,

when appellate courts are required to assess the sincerity of counsel (or lack thereof) in the stand he advocates, they are dealing in a most nebulous area of subjective beliefs which cannot be determined, save in extremely exceptional circumstances, by judicial rejection of the claim as unsound. For, here, we are not attempting to judge a legal right or wrong but, rather, the truth of an asserted belief in a contention. Accordingly, when counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.

In the case at bar, it suffices to say that it does not tax our credulity to accept counsel's statement of his belief in the validity of his contention that the court corrected the judgment for penalties on the first appeal and that, in any event, a judgment for penalties could properly be corrected in subsequent judicial proceedings.

The decree of the Court of Appeal is reversed, insofar as it grants judgment in favor of defendant-insurer in the sum of $125 and defendant's demand for damages for frivolous appeal is rejected. The costs of proceedings of this Court are to be paid by defendant.

179 So.2d 637