MARVIN, Judge.
Three of decedent’s four heirs seek damages in this succession proceeding from the fourth heir for her allegedly frivolous appeal of a judgment that ordered her to accept or renounce her interest in the succession within 30 days. The appeal was dismissed because we deemed the judgment was not an appealable judgment. In this opinion, we consider only whether the “appeal” was frivolous under CCP Art. 2164. See Gardner v. Beckham, 504 So.2d 1106 (La.App. 5th Cir.1987), and Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5th Cir.1987), writ denied.
We hold that damages are not warranted because the “appeal,” albeit of a nonappealable interlocutory judgment, raised a legal question of some degree of “substantiality,” whether an heir who is unwilling to join in a petition for possession may be compelled by the other heirs to accept or renounce her interest in the succession. Where a substantial legal question is presented we cannot find that the “appeal” was taken solely for delay. CCP Art. 2164.
*679 FACTS
Nero Bradford died on August 12, 1984, survived by four sisters who are the litigants. One sister, Gertha Mae Thomas, was named universal legatee in decedent’s statutory will that was successfully challenged by the other sisters for defects in form and declared null in November 1985.
While the action to annul the will was pending, Mrs. Thomas obtained a judgment of possession placing her in possession of the entire estate as universal legatee. The judgment of possession was annulled in an action by the three sisters because Mrs. Thomas’s attorney obtained it without informing the court that the will’s validity was being litigated. See Bradford v. Thomas, 499 So.2d 525 (La.App. 2d Cir.1986), writ denied.
Mrs. Thomas did not appeal the November 1985 judgment declaring the will null. After that judgment became final, Mrs. Thomas’s three sisters petitioned for and obtained a judgment of possession in May 1986 placing each of them in possession of an undivided ¼ interest in the estate. They alleged that Mrs. Thomas did not desire to join in the petition, that the estate was relatively free from debt, and that there was no need for an administration.
The May 1986 judgment placing her sisters in possession of ¾ interest in the estate was annulled in Mrs. Thomas’s action in April 1987 because she had not joined in their petition for possession. Administration of a succession may not be dispensed with unless all heirs join in the petition for possession and accept the succession unconditionally. Succession of Houssiere, 146 So.2d 483 (La.App. 3d Cir.1962); Succession of Lewis, 440 So.2d 899 (La.App. 2d Cir.1983), writ denied.
Alleging that Mrs. Thomas was the only other heir and that she refused to join in a petition for possession, the three sisters then sought an order compelling Mrs. Thomas to accept or renounce her interest in the succession.
By judgment of March 10, 1988, the court ordered Mrs. Thomas to accept or renounce decedent’s succession within 30 days. Mrs. Thomas perfected an appeal of the March 10, 1988, judgment after her motion for new trial was denied. The three sisters answered and claimed damages for frivolous appeal.
On November 17, 1988, we noted a possible lack of an appealable judgment and ordered Mrs. Thomas to show cause, by brief within 15 days, why the appeal should not be dismissed. Mrs. Thomas did not respond to this court’s order. Her appeal was dismissed on December 21, 1988. We found the judgment ordering her to accept or renounce her interest in the succession was not a final judgment or an interlocutory judgment that caused irreparable injury. The order dismissing the appeal recognized that appellees’ demands for damages for frivolous appeal remained an issue before this court. See Gardner v. Beckham and Schnatz v. Schnatz, both cited above.
FRIVOLOUS APPEAL
Damages for frivolous appeal may be awarded under COP Art. 2164 if the. appeal does not present a substantial legal question, or if it is obvious either that the appeal was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates. Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965); Guidry v. Carmouche, 320 So.2d 267 (La.App. 3d Cir.1975).
The damage claims are founded on allegations, which obviously have some merit, that Mrs. Thomas and her attorney have refused to cooperate in concluding this relatively simple succession since the judgment annulling the judgment placing Mrs. Thomas solely in possession, based on the invalid will, became final in 1987.
Because Mrs. Thomas did not respond to the show cause order before her appeal was dismissed, her sisters contend it cannot reasonably be concluded that Mrs. Thomas and her attorney seriously believed that the trial court erred in compelling her to accept or renounce her interest in the succession. Instead, they assert that her appeal was taken solely for delay, depriving them of their inheritance.
*680 From statements in Mrs. Thomas’s brief on frivolous appeal damages, we must conclude that her failure to respond to the order to show cause why the appeal should not be dismissed was probably based on the mistaken view, however strained, that a judgment which is not appealable is not otherwise subject to review in any manner. Review of a nonappealable interlocutory judgment may be sought by application for supervisory review. See Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978), and U.S. Mach. & Equipment Co. v. Kerschner, 342 So.2d 1278 (La.App. 4th Cir.1977).
Mrs. Thomas did not seek a supervisory writ initially or alternatively in her petition for appeal. She did not ask us to treat her appeal as a writ application even after we noted a possible lack of an appealable judgment. Nevertheless, because her inaction was apparently based on a misunderstanding of the avenues for review of the judgment, we cannot conclude, as her sisters argue, that she and her counsel did not seriously believe in the position of law which they relied on to oppose the order compelling her to accept or renounce but instead, sought solely to delay the closing of the succession proceedings.
In support of her motion for new trial, Mrs. Thomas argued that the law allows only “creditors” and “legatees” to compel an heir to decide whether to accept or renounce the succession, citing CC Arts. 1036 and 1055. She maintained that the sole legal remedy available to her sisters is the remedy provided by CCP Art. 3394, which allows a succession representative to place on deposit in a bank or in the court’s registry the amount due an heir who is unwilling or unable to accept and receipt for the deposit.
Without responding to the legal arguments of Mrs. Thomas or citing contrary authority, the three sisters simply maintained that the order to accept or renounce was proper because they had “no other remedy at law” to conclude the succession proceedings. The three sisters have not, however, petitioned for the appointment of an administratrix of the succession, although they filed opposition to Mrs. Thomas’s petition for appointment. Mrs. Thomas has also asserted a $5,000 claim against the estate for caretaking services she performed before her brother died.
CONCLUSION
CC Arts. 1036 and 1055, cited by Mrs. Thomas, are pertinent to the issue whether her three sisters were legally entitled to a judgment compelling Mrs. Thomas to accept or renounce. Neither the three sisters nor the trial court cited legal authority in support of that judgment.
Although we deem that judgment is final and not before us, we cannot easily conclude on this record that Mrs. Thomas’s “appeal,” even though provoked by rancorous litigiousness, was taken solely for delay or without belief in the validity of her legal contentions. If the judgment had been an appealable judgment or otherwise reviewed, it would have presented a legal issue for review, arguably “substantial” to some degree. By this comment, however, we do not suggest that we would have reversed the judgment and we do not suggest that we are condoning the conduct of Mrs. Thomas or her counsel.
Under the recited circumstances, we must deny the claims for frivolous appeal damages. See and compare Guidry v. Carmouche and Schnatz v. Schnatz, both cited above.
Frivolous appeal demands are DENIED.