liPETERS, J.
This case originated from a suit filed by Clarence Touchet to recover personal injury damages in connection with an automobile accident that occurred in 1993. That suit resulted in a 1997 judgment in favor of Mr. Touchet. The issue now before us involves the enforcement of certain aspects of that judgment.

Personal Injury Action

Clarence Touchet sustained personal injuries in a December 30, 1993 automobile accident that occurred in Lafayette Parish, Louisiana. The accident occurred at an intersection where an employee of the Louisiana Department of Transportation and Development was attempting to repair a traffic light that had malfunctioned and a deputy sheriff of the Lafayette Parish Sheriffs Department was directing traffic during the repair process. Mr. Touchet was a guest passenger in a vehicle being driven by Monique Leger when it collided in the intersection with a vehicle being driven by Angela Mire.
Mr. Touchet’s suit proceeded to trial against Lafayette Parish Sheriff Don Breaux; Deputy Michael Prejean (the deputy sheriff directing traffic); and the State of Louisiana, through the Department of Transportation and Development (DOTD). A bifurcated trial resulted in conflicting trial dispositions. The jury, which determined the liability of DOTD, apportioned fault as follows: DOTD 27%, Ms. Leger 23%, and Deputy Prejean 50%. The trial court, which determined the liability of Sheriff Breaux and Deputy Prejean, found DOTD to be without fault in causing the accident. Instead, the trial court found Deputy Prejean 75% at fault and Ms. Leger 25% at fault. Additionally, while the jury found Mr. Touchet’s damages to be $101,500.00, the trial court awarded damages in the amount of $123,035.37. The trial court signed a judgment on August 6, 1997, incorporating the conflicting dispositions | ¡.without reconciling them. Additionally, the judgment contained the following language:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Cross Claimant, State of Louisiana, through the Department of Transportation & Development, and against the Cross Defendants, Don Breaux, in his capacity as Sheriff of Lafayette Parish, and Deputy Michael Prejean, for indemnity in the amount of seventy-five (75%) percent of the amount for which the Cross Claimant, State of Louisiana, through the Department of Transportation & Development, is cast in judgment, including costs, with legal interest thereon from date of judicial demand, until paid.
It is the enforcement of this language that has given rise to the.current dispute.
All three defendants appealed the judgment. However, before a decision could be rendered on appeal, Mr. Touchet’s attorney and DOTD’s attorney reached an apparent agreement which caused DOTD to dismiss its appeal. By a letter dated October 21, 1997, Mr. Touchet’s attorney advised DOTD’s attorney as follows:
The principal amount of the judgment against DOTD is $27,405. Legal inter *776 est through October 20, 1997, according to my calculation, is $7,195.70, bringing the total principal and interest due under the Judgment to $34,600.70. You have a Judgment granting you indemnity from the Sheriff for 75% of that amount, making your net loss on this Judgment $8,650.17.
If DOTD does not appeal the Judgment, I would recommend to Mr. Tou-chet that he agree to:
1. Withhold collection of the Judgment until after the Sheriffs appeal is decided, and
2. Forgive $5,000.00 of the unindem-nified portion of the judgment.
I do not know that the Sheriff is even going to challenge your right to indemnity, but even if he does, I cannot see any basis for him being successful. Thus, if things ended right now, the net costs under this deal to DOTD would be about $3,650, which is less than the cost of an appeal. If you think this might work, please let me know and I will be happy to get authority from Mr. Touchet to make this deal.
DOTD’s attorney responded to this offer by a letter dated October 28, 1997, as follows:
In response to your proposal that the DOTD pay your client the | ¡¡$3,650 which constitutes the net costs to the DOTD under the judgment as it now stands, and dismiss its motion to appeal (or the appeal itself if the motion has been granted) in exchange for your client not attempting to collect the judgment until after the Sheriffs appeal is decided and forgiving the $5,000 unindemnified portion, I think this will work. As per our conversation, I will withhold payment of the $3,650 until after the appeal has been finished.
Any change in the relative positions of our clients on appeal will, you agreed, be ignored by both sides.
You’ve got a deal.
Pursuant to its understanding of this “putative” settlement, DOTD dismissed its appeal, asserting that it had compromised all of the claims made against it.
With the dismissal of DOTD’s appeal, this court was left with only the appeal filed by Sheriff Breaux and Deputy Preje-an. In that appeal, Sheriff Breaux and Deputy Prejean contended only that the trial court erred in failing to assign a greater percentage of fault to Ms. Leger, in failing to assign any fault to DOTD, in failing to assign any fault to Ms. Mire, and in awarding excessive damages. The validity of the indemnity provision of the trial court judgment was not raised on appeal.
Because DOTD dismissed its appeal and because Sheriff Breaux and Deputy Preje-an did not raise the indemnity issue on appeal, we were not called upon to reconcile the inconsistent jury and trial court findings or to consider the indemnity issue. Thus, we addressed only the trial court’s determinations regarding the specific issues raised on appeal. In an unpublished opinion, Mire v. Leger, 97-1730, 97-1731, p. 8 (La.App. 3 Cir. 6/10/98), 716 So.2d 193, regarding the issue related to DOTD’s fault, we concluded: ‘While the DOTD might have breached a duty to keep the traffic signal functioning properly, which issue we need not decide, we find no manifest error in the trial court’s implicit conclusion that any such breach was not a legal cause of the accident.” Although we reduced the trial court’s award of future medical expenses by $2,800.00, we affirmed the judgment in all other respects.

14Post-Appeal Actions

Following our opinion on appeal, Sheriff Breaux and Deputy Prejean tendered $118,010.89 to Mr. Touchet in full satisfac *777 tion of the trial court judgment as modified by this appellate court. However, the August 12, 1998 Satisfaction of Judgment in favor of Sheriff Breaux and Deputy Preje-an executed by Mr. Touchet contained the following provision:

This Satisfaction of Judgment is intended to apply, and shall apply only to the aforesaid judgment as it relates to the claim of Clarence A Touchet against Defendants, Sheriff Donald J. Breaux, the Lafayette Parish Sheriff Department and Deputy Michael Preje-an, and shall not affect the validity or effect of the said Judgment of Clarence A. Touchet against the State of Louisiana, through the Department of Transportation and Development, or the judgment of the State of Louisiana, through the Department of Transportation and Development, against Sheriff Donald J. Breaux, the Lafayette Parish Sheriff Department and Deputy Michael Preje-an.

In other words, the settlement agreement was clear in expressing the fact that the tendered amount did not affect the validity of the provision of the August 6, 1997 judgment in favor of DOTD. In fact, by correspondence dated August 11,1998, Mr. Touchet’s attorney clearly expressed to the attorney for Sheriff Breaux and Deputy Prejean that settlement with Mr. Touchet was not settlement with DOTD. That letter stated in part:
I appreciate your efforts in securing payment of the Judgment in favor of Mr. Touchet as it relates to the Sheriff. However, as we have discussed, there still remains the matter of Mr. Touchet’s Judgment against the State, and the State’s Judgment of indemnity over and against the Sheriff for 75%. As I have explained to you by previous correspondence, the State’s lawyer, Tim Maragos, has authorized me to seek collection of the Judgment for it. Please advise the insurer in connection with this case that it is imperative that immediate action be taken to take care of the unresolved portion of this claim. It would certainly be unfortunate if we were required to proceed to execute on the State’s Judgment against the Sheriff.

Actions Concerning Enforcement of Indemnity

| sAfter the August 12, 1998 settlement, Mr. Touchet’s attorney and DOTD’s attorney demanded satisfaction of the indemnity provision of the August 6, 1997 judgment. In response to that demand, on October 19, 1998, Sheriff Breaux and Deputy Prejean filed a petition for declaratory judgment, seeking a declaration that the previous judgment had been satisfied fully; that Mr. Touchet had no further right of recovery against DOTD, Sheriff Breaux, or Deputy Prejean; and that DOTD had no right of contribution or indemnity against Sheriff Breaux and Deputy Prejean. This filing gave rise to a number of other filings addressing the indemnification issue.
On November 9, 1998, DOTD filed an answer to the petition for declaratory judgment as well as a cross-claim for declaratory judgment, seeking a declaration that it owed Mr. Touchet only $3,650.00, the amount of the unindemnified portion of the judgment or, in the alternative, a declaration that Sheriff Breaux and Deputy Prejean were obligated to it for 75% of any portion of the judgment DOTD may be found to owe Mr. Touchet.
On November 15, 1999, Mr. Touchet filed a Motion for Summary Judgment, Exception of No Right or Cause of Action, and Motion to Compel Compliance with Settlement or Alternatively to Declare Settlement Null, seeking dismissal of the demands made against him in the petition and cross-claim. In the alternative, Mr. *778 Touchet asserted that Sheriff Breaux and Deputy Prejean had no right or cause of action against him. Mr. Touchet also sought an order compelling DOTD to comply with its obligations under the settlement or, alternatively, to have the settlement declared null and void for lack of consent.
On December 14, 1999, DOTD filed a peremptory exception of res judicata based, in part, on the settlement/compromise between DOTD and Mr. Touchet.
DOn January 3, 2000, a hearing was held, at which the trial court stated in part:
I am going to note that the matter of the settlement between the plaintiff and DOTD is before me, not the merits of the declaratory judgment suit. So my ruling today will deal only with that matter. The other matters in dispute in the declaratory judgment suit will remain viable issues before the Court.
I find that the judgments of the trial court and the jury in the original case are in conflict. As a result of the dismissal of the appeal by DOTD, they remain in conflict and irreconcilable. I find that the dismissal of the appeal by DOTD was predicated on a belief that all matters between DOTD and the plaintiff had been compromised. I find today that is not the case. As a result, the information provided in the motion to abandon or dismiss the unlodged appeal was in error, and the Court of Appeals granted the motion on evidence or information which was incorrect. As a result, I am going to allow the Department of Transportation and Development fifteen days to ask the Court of Appeals to reinstitute its now dismissed appeal in an effort to have the judgments reconciled....
... [T]he declaratory judgment suit remains a viable suit, and, in fact, the only thing that’s decided today is that there is no settlement between DOTD and the plaintiff.
[[Image here]]
... [Bjecause if there was an agreement, it is clear to me that the plaintiff had no intention of settling anything but the unindemnified portion. I find that DOTD may have had a different — expected a different conclusion.
On January 7, 2000, the trial court signed a judgment declaring the settlement null and void; granting DOTD fifteen days to file a motion for reinstatement of its previously dismissed appeal; and denying the motion for summary judgment, exception of no cause/no right of action, and exception of res judicata. This court refused to reinstate DOTD’s previously dismissed appeal, see Breaux v. Touchet, 00-0046 (La.App. 3 Cir. 3/2/00), and the supreme court denied writs, see Breaux v. Touchet, 00-0881 (La.5/5/00), 761 So.2d 552.
Apparently, the suit returned to the trial court and was submitted for decision on joint stipulations filed on June 13, 2001. However, following that submission, on July 2, 2001, DOTD filed an exception of res judicata, apparently on the basis that |7this court of appeal had affirmed a finding of no liability on its part in the original appeal by Sheriff Breaux and Deputy Pre-jean such that it owed nothing to Mr. Touchet in any event. In the alternative, DOTD requested 75% indemnity from Sheriff Breaux and Deputy Prejean.
The trial court ultimately rendered judgment holding that Mr. Touchet’s rights against DOTD remained in effect pursuant to the final judgment of August 6, 1997, and that DOTD’s indemnity rights against Sheriff Breaux and Deputy Prejean also remained in effect. The trial court signed a judgment to this effect on August 11, *779 2001. That judgment is the basis of this appeal by Sheriff Breaux and Deputy Pre-jean. In this appeal, Sheriff Breaux and Deputy Prejean contend that the trial court erred in “ruling on the ‘validity’ of a prior Judgment issued by another court,” in concluding that Mr. Touched retained a right to collect additional money under a judgment that had been fully satisfied, and in “holding that a reservation of rights placed in a satisfaction of judgment allows a judgment creditor to collect more than one hundred percent of his damages awarded by a trial court.” DOTD has also appealed, but without listing any assignments of error. However, DOTD asserts in its brief that it has no legal obligation to anyone because of our prior opinion finding no manifest error in the trial court’s determination that it was not at fault in the accident. Mr. Touchet has answered the appeal, seeking attorney fees and costs for frivolous appeal and contending that the trial court erred in failing to grant his exception of no right/no cause of action.
OPINION
Sheriff Breaux and Deputy Prejean contend that the trial court erred in ruling on the validity of the August 6, 1997 judgment. They argue that nowhere in the IsPleadings was the validity of that judgment challenged and that, in any event, the trial court was without jurisdiction to rule on its validity. They also assert that the trial court’s judgment allows Mr. Tou-chet “over-recovery” and that such “over-recovery” is not proper under Louisiana law.
Although the trial court couched its ruling in terms of declaring and affirming the validity of the prior judgment, its ruling actually recognized the conclusiveness of the judgment between the parties. “A judgment that determines the merits in whole or in part is a final judgment.” La.Code Civ.P. art. 1841. The August 6, 1997 judgment, which contained the order of indemnity, determined the merits of the case. Thus, it was a final judgment. “[A] valid and final judgment is conclusive between the same parties, except on appeal or other direct review....” La.R.S. 13:4231. While Sheriff Breaux and Deputy Prejean appealed the August 6, 1997 judgment, they did not raise as an issue the order of indemnity. In fact, Sheriff Breaux and Deputy Prejean even recognized the existence of the indemnity agreement in the Satisfaction of Judgment they executed upon payment of sums due under the judgment.
Thus, the trial court did not err in recognizing the conclusiveness of the August 6, 1997 judgment. Because the judgment is conclusive, we are without authority to inquire into the merits of Sheriff Breaux’s and Deputy Prejean’s contentions regarding the equity of allowing Mr. Tou-chet to recover more than 100% of his damages. That issue should have been raised in the previous appeal.
As set forth above, DOTD asserts in its brief that it has no legal obligation to anyone because of our prior opinion finding no manifest error in the trial court’s determination that it was not at fault in the accident. Apparently, DOTD contends 1 flthat our opinion is res judicata on the issue.
DOTD misinterprets our prior opinion. In our prior opinion, we did not review or disturb the jury’s findings because those findings were not before us on appeal. Thus, those findings, like the order of indemnity, have become conclusive between the parties, whether those findings were manifestly erroneous or not and despite the inconsistency of those findings with the trial court’s findings. Our affirmation of the trial court’s findings based on the manifest error standard of review *780 in no way impacted the findings of the jury. In fact, had we reviewed only the jury’s findings on apportionment of fault, we might well' have affirmed those under the manifest error standard as well because our job on review is not to determine the correctness of the findings but to determine whether they were manifestly erroneous or clearly wrong. See Rosell v. ESCO, 549 So.2d 840 (La.1989). Thus, the trial court did not err in failing to grant DOTD’s exception of res judicata as it related to our affirmation of the trial court’s failure to assess fault to DOTD.
Because we find no error in the trial court’s finding that the judgment of August 6, 1997 is conclusive between the parties, we need not address Mr. Touchet’s answer to the appeal regarding the trial court’s failure to grant his exception of no right/no cause of action regarding the petition for declaratory judgment.
Finally, we deny Mr. Touchet’s claim for damages for frivolous appeal. In Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993), the court stated:
Damages for frivolous appeal are only allowed when “it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.” Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634, 636-37 (1965).
These circumstances are not present in the instant case.
| ^DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in all respects, including the assessment of trial costs of court, and assess fifty percent of the costs of this appeal to DOTD and fifty percent to Sheriff Breaux and Deputy Prejean, the appellate costs totaling $877.88.
AFFIRMED.