JOHNSON, J.,
dissents in part with reasons.
19While I agree with the majority in affirming the trial court’s ruling sustaining Mr. Perilloux’s exception of no cause of action, I disagree with awarding damages for a frivolous appeal. -■
Damages for frivolous appeal, are only allowed when “it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.” Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993). Because this is an election ease *243 with tight deadlines dictated by law, I do not find Mr. Snyder filed the appeal solely for delay. Thus, his appeal does not fall within the first category of frivolous appeals. , ...
Next, I find that Mr. Snyder sincerely advocated his legal arguments on appeal, And, although we ultimately disagreed with Mr. Snyder on the legal- issue' presented, ' I find he raiséd' novdl and thoughtful arguments that were rooted "in constitutional, statutory and jurisprudential authority, “When- counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being 11fldeliberately proféssed for ulterior purposes.” Hampton, supra, at 863, quoting Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634 (1965).
Accordingly, I dissent from that portion of the opinion that finds Mr. Snyder’s appeal to be frivolous and awards attorney’s fees on that basis. In all other respects, I agree with the majority opinion.