NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-571

PRATIMAKONE APHAIYARATH

VERSUS

LAFAYETTE CITY-PARISH

CONSOLIDATED GOVERNMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20195898
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**James H. Gibson**
**Michael O. Adley**
**Gibson Law Partners, LLC**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette City-Parish Consolidated Government**

**Daniel M. Landry, III**
**Christian B. Landry**
**The Landry Law Firm**
**P.O. Box 3784**
**Lafayette, LA 70502**
**(337) 237-7135**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Pratimakone Aphaiyarath**

**SAUNDERS, Judge.**

Pratimakone Aphaiyarath filed a Petition for Declaratory Relief requesting the district court declare that Aphaiyarath did not have a separation in employment with the Lafayette Police Department and was thus entitled to a promotion and pay increase provided for in a recently passed ordinance that required six years of consecutive employment with the Lafayette Police Department. Lafayette City-Parish Consolidated Government answered and denied that Aphaiyarath had been employed with the Lafayette Police Department for six consecutive years and, thus, denied that he was entitled to the requested relief. The district court judge granted the requested relief and ordered Aphaiyarath did not have a separation in employment from the Lafayette Police Department and was entitled to the promotion and pay increase. Lafayette City-Parish Government now appeals.

**FACTS:**

Aphaiyarath began employment with the Lafayette Police Department on December 18, 2006, obtaining the rank of Corporal in 2010. In October of 2017, Aphaiyarath accepted a conditional offer of employment with the Louisiana State Police, subject to requirements by the Louisiana State Police including completion of the academy. Aphaiyarath submitted a letter of resignation to the Lafayette Police Department through Chief Aguillard listing a resignation date of November 4, 2017. In Aphaiyarath's exit interview, Chief Aguillard informed Aphaiyarath that he would be welcomed back if, after enrolling, he found the academy was not for him.

Aphaiyarath reported to the police academy on November 5, 2017. On November 7, 2017, Aphaiyarath called Deputy Police Chief Reginald Thomas and asked if he could return to the Lafayette Police Department. Deputy Chief Thomas agreed, and Aphaiyarath removed himself from the academy to return to his position at the Lafayette Police Department. Deputy Chief Thomas authorized for

Aphaiyarath to be paid eight hours of annual leave for November 6, 2017, and twelve hours of sick leave on November 7, 2017.

On November 8, 2017, Aphaiyarath's resignation letter was approved by the Lafayette Civil Service Board. Deputy Chief Thomas contacted the Civil Service Board requesting a meeting of the Board to discuss Aphaiyarath's employment and to request reinstatement. On November 17, 2017, the meeting was held, and the reinstatement was denied. Deputy Chief Thomas then requested that Aphaiyarath be added to the reemployment list and reemployed at his rank and pay at the time of his resignation. The request was granted.

In February of 2019, the Lafayette City-Parish Council passed an ordinance providing for promotions of officers within the Lafayette Police Department. The ordinance provided for the promotion of officers within the Lafayette Police Department who have served at the rank of Corporal with the Lafayette Police Department for six consecutive years to the rank of Senior Corporal Officer and providing them a six percent pay increase. Aphaiyarath requested the six percent pay increase, which was refused by the Human Resources Department.

Aphaiyarath then filed his Petition for Declaratory Relief on September 19, 2019, asking for a judgment declaring he had been employed with the Lafayette Police Department for six consecutive years and, thus, was entitled to the promotion and pay increase. The district court ruled in his favor on July 27, 2020, and the Lafayette City-Parish Government timely filed this appeal. Aphaiyarath filed an answer to the appeal, asserting that the appeal is frivolous and requesting damages and an award of attorney's fees for the preparation of the appellate portion of the case.

## ASSIGNMENTS OF ERROR:

**[1].** The district court erred in declaring Plaintiff was entitled to a promotion that required six years of consecutive employment when Plaintiff had a break in employment roughly two years prior due to his resignation.

**[2].** The district court erred in declaring Plaintiff was entitled to a promotion that required six years of consecutive employment when after Plaintiff's resignation roughly two years prior the Civil Service Board determined Plaintiff would be reemployed without accumulated seniority.

**[3].** The district court erred in declaring Plaintiff was entitled to a promotion that required six years of consecutive employment when doing so permitted Plaintiff to violate the Dual Employment Law.

**[4].** The district court erred in declaring Plaintiff was entitled to a promotion that required six years of consecutive employment when doing so allowed Plaintiff to collaterally attack the Civil Service Board's decision.

## DISCUSSION:

The appellate court's review of a trial court decision to grant or deny a declaratory judgment is conducted under the abuse of discretion standard of review, although the judgment itself is still subject to the appropriate standard of review. *Campbell v. Evangeline Par. Police Jury*, 14-1301 (La.App. 3 Cir. 5/6/15), 164 So.3d 408, *writ denied*, 15-1067 (La. 9/11/15), 176 So.3d 1043. Questions of law are reviewed de novo while questions of fact are subject to the manifest error or clearly wrong standard of review. *Id.*

We find that Aphaiyarath had six years of consecutive employment as a corporal and is entitled to the promotion and six percent pay increase. After Aphaiyarath turned in a resignation and began the police academy, he was allowed to return to his position with the Lafayette Police Department and authorized to use annual leave and sick leave for the time spent at the police academy. Although the Civil Service Board eventually processed Aphaiyarath's resignation and found that he should be reemployed instead of reinstated, Aphaiyarath's immediate return and

use of leave resulted in his continuous employment with the Lafayette Police Department.

To receive the promotion to senior corporeal and the six percent pay increase, an officer must have served as a corporeal for six consecutive years with the Lafayette Police Department. Aphaiyarath obtained the rank of corporeal in 2010 and would have served as corporeal for over six years when he attended the police academy in 2017. In 2019, when the ordinance providing for the promotion and pay increase was passed, Aphaiyarath would have over eight years of continuous employment as a corporeal. We find that Aphaiyarath was entitled to receive the promotion and pay increase.

Appellant argue that the district court's finding that Aphaiyarath was entitled to the promotion which required six years of continuous employment violated the Dual Employment Law. Aphaiyarath argues that he had no employment with the State Police, as the requirements for employment, which included completing the academy, were never met. Louisiana Revised Statutes 42:63(E) states:

> No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.

Whether Aphaiyarath was employed by the State Police is a question of fact and is subject to the manifest error standard of review. While the district court did not specifically address the dual employment question in its ruling, the court would have been aware of the issue as evidence relating to it was included in the stipulations of the parties and related attachments. Given that the district court was silent on the dual employment issue, and found for Aphaiyarath, the district court's decision must be construed as a rejection on the dual employment issue.

4

The record does not provide a clear answer on whether Aphaiyarath began his employment with the State Police when he entered the police academy or if employment were to begin when he completed the academy. There is also no evidence in the record that Aphaiyarath was paid for attending the police academy. Given the lack of evidence that Aphaiyarath was employed with the state police, we cannot find manifest error in the district court's decision.

Appellant also argue that the district court's granting of Aphaiyarath's request allowed him to collaterally attack the Civil Service Board's decision. This argument is largely based upon the district court stating that "the officer should have been listed as reinstated as opposed to re-employment." This argument is pretermitted due to our de novo review of whether Aphaiyarath is entitled to the promotion and pay increase. We also note that appellate courts review judgments, not reasons for judgments. *Monlezun v. Lyon Interests, Inc.*, 11-576 (La.App. 3 Cir. 11/2/11), 76 So.3d 628.

*Answer to the Appeal*

In his answer to the appeal, Aphaiyarath asserts that the appeal is frivolous and requests both an award of damages and attorney fees for the appellate portion of the case. When considering the subject of frivolous appeals, this court has stated:

> Louisiana Code of Civil Procedure Article 2164 provides for an award of damages for frivolous appeal. Lack of merit to an appeal does not necessarily mean that the appeal is frivolous. *Hershell Corp. v. Fireman's Fund Ins. Co.*, 98–1352[ (]La.App. 3 Cir. 6/2/99); 743 So.2d 698. "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed." *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993). "Damages for frivolous appeal are only allowed when 'it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.' " *Id.* (*quoting Parker v. Interstate Life & Accident Ins. Co.*, 248 La. 449, 179 So.2d 634, 636–37 (1965)).

*Broussard v. Union Pac. Res. Co.*, 00–1079, pp. 9–10 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, 1205, *writ denied*, 01–589 (La. 4/27/01), 791 So.2d 118.

We cannot say that Appellant instituted the present appeal for the sole purpose of delay, nor do we find that counsel was insincere in the view of the law advocated. Based upon the record, we do not find this appeal to be either devoid of merit or frivolous; therefore, we deny Appellant's claim for damages and attorney fees for frivolous appeal.

## CONCLUSION:

For the reasons stated above, the judgment of the trial court is affirmed. Further, we deny the claim of Aphaiyarath against Lafayette City-Parish Consolidated Government for damages for the filing of a frivolous appeal. Costs of this appeal, totaling $652.44, are to be paid by the Lafayette City-Parish Consolidated Government.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.

Uniform Rules—Courts of Appeal, Rule 2-16.3.