BEER, Judge.
Plaintiffs-appellees purchased the property bearing municipal No. 5604 St. Charles Avenue, New Orleans, Louisiana, from Mrs. Martha S. Dezendorf by act of sale dated April 7, 1978. The act of sale stipulated that the conveyance was made free and clear of all encumbrances. At the time of the acquisition, the residence was occupied by defendant-appellant, Martha Adams, allegedly pursuant to a monthly lease from her mother (the vendor), Mrs. Dezendorf.
Plaintiffs sought to arrange a mutually agreeable date for delivery of possession of the property, but these attempts failed and plaintiffs commenced eviction proceedings in the Civil District Court for the Parish of Orleans. Accordingly, on May 3,1978, defendant was served with notice to vacate the premises, pursuant to La.C.C.P. Art. 4701. Defendant refused to vacate, and plaintiffs filed a rule to evict. In answer, defendant premised her right of occupancy on plaintiffs’ alleged agreement to honor the unrecorded lease. Alternatively, the defendant called lessor (her mother) in warranty. Following a hearing on May 30, 1978, judgment was rendered ordering defendant to vacate the premises and to deliver possession to plaintiffs within twenty-four hours of rendition of the judgment. Defendant suspensively appealed the eviction order and, in reliance upon La.C.C.P. Art. 4735, alleged that her affirmative defense entitled her to retain possession of the premises.
Appellees have answered the appeal, seeking damages and contending that the appeal is frivolous.
At the hearing on the rule, the trial judge refused to admit evidence of the unrecorded lease, but permitted defendant to proffer same as well as certain other documents and testimony. Neither the admissable evidence, nor that proffered, supports a conclusion that the trial court manifestly erred in its order. Indeed, the trial court’s ruling was correct.
Appellant bases her right of occupancy on the contention that appellees knowingly purchased the property subject to the unrecorded lease and relies upon Stanley v. Orkin Exterminating Company, Inc., 360 So.2d 225 (La.App. 1st Cir. 1978). The instant case is entirely distinguishable. Here, the evidence introduced (and proffered) was totally unsupportive of any contractual obligation on the part of the purchasers to honor the unrecorded lease. No collateral written instrument, no specific details and no witnesses were produced to prove the defendant’s bare allegations.
This matter first came before us on appellees’ motion to dismiss the appeal which was denied on June 22, 1978. We reasoned that defendant-appellant had made a semblance of an affirmative defense on the pleadings filed. However, our examination of the full transcript of these proceedings, coupled with the argument advanced in appellant counsel’s brief filed on the morning that this case was argued before us, convinces us that appellant’s so-called affirmative defense was no more than a delaying tactic. Having reached this conclusion, we consider its effect on this appeal: we follow the rationale of Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965), and conclude that this appeal, taken solely for delay, entitles appellees to such attorneys’ fees as have been required by this appeal, which we deem to be fairly set in the amount of $500.
Though appellees’ answer to the appeal seeks damages, no prayer for damages appears in any of the pleadings filed in the trial court. Thus, there is nothing before us on this issue, and that claim will have to be separately litigated in all respects.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is affirmed at appellant’s cost, and it is now further ordered, adjudged and decreed that there be judgment herein in favor of Jefferson Y. and Stephanie Haynes and against Martha Jane D. Adams in the amount of $500, plus legal interest from the date of this judgment.

AFFIRMED.