NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-891

HWW ENTERPRISES, INC. D/B/A WORLDWIDE PROFESSIONAL
SERVICES
VERSUS
ENVIRONMENTAL TREATMENT TEAM, LLC

**********
APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-17219
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********
JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

MOTION TO DISMISS SUSPENSIVE APPEAL AND FOR EXPEDITED
APPELLATE REVIEW DENIED.

Clayton Arthur Larsh Davis
Thomas Patrick LeBlanc
Lundy & Davis
Post Office Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707
Counsel for Plaintiff/Appellee:
    HWW Enterprises, Inc.

**Brandon Kelly Black**
**Jones, Walker, et al.**
**8555 United Plaza Blvd, 5th Fl**
**Baton Rouge, LA 70809-7000**
**(225) 248-2128**
**Counsel for Defendant/Appellant:**
      **Environmental Treatment Team, L.L.C.**

**Jonathan Hadley Fontenot**
**Attorney at Law**
**101 Glouchester #6**
**Lafayette, LA 70506**
**(337) 988-0433**
**Counsel for Defendant/Appellant:**
      **Environmental Treatment Team, L.L.C.**

PETERS, Judge.

The plaintiff-appellee, HWW Enterprises, Inc. d/b/a Worldwide Professional Services (HWW), moves to dismiss the suspensive appeal of the defendant-appellant, Environmental Treatment Team, L.L.C. (ETT), or alternatively to expedite appellate review of this appeal. For the following reasons, we deny the motion in its entirety.

The instant litigation arises out of a sublease agreement between HWW and ETT. Under the terms of the agreement, ETT subleased property in Cameron Parish, Louisiana, in exchange for the annual rental payment of $84,000.00, payable in two semiannual payments of $42,000.00. The parties also negotiated a contract under which ETT was to lease from HWW heavy equipment to be used on the subleased property. When ETT failed to pay the full amount of the semiannual installment, HWW filed the instant suit for eviction. ETT answered the suit, raising numerous affirmative defenses.[1]

The primary basis for ETT failure to fully pay the semiannual payment is its assertion that HWW failed to have certain equipment available for it to lease when needed. According to ETT, it was forced to lease the equipment from another source at a higher cost than provided for in its lease agreement with HWW. ETT asserted that it simply reduced its semiannual rent payment by an amount equal to the difference between the rental price it paid for the equipment and the price provided for in its contract with HWW.

Following a trial on the merits, the trial court entered judgment evicting ETT from the premises it had subleased from HWW. Thereafter, the trial court granted ETT's motion for suspensive appeal and HWW timely filed the instant motion to dismiss, or alternative, request for expedited consideration.

_____

[1]In its brief in support of its motion, HHW lists twenty-six assertions found in ETT's pleadings which it describes as "so-called affirmative defenses."

At issue in HWW's motion is the application of La.Code Civ.P. art. 4735, which sets forth the requirements for the appeal of a judgment of eviction. That Article reads as follows:

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

HWW asserts that the affirmative defenses raised by ETT are either not affirmative defenses or are so unsupported by the record, that they should be rejected, and that this appeal should be maintained as a devolutive appeal. That is to say, HWW argues that ETT has not raised an affirmative defense which would entitle it to retain possession of the premises. In particular, HWW points out that most of the alleged affirmative defenses raised by ETT involve ETT's claim to be entitled to a setoff due to the increased costs associated with the renting of the equipment from another entity. HWW asserts that this setoff claim is not an affirmative defense, but is instead only a counterclaim. Inherent in HWW's argument is the contention that the facts supporting ETT's counterclaim cannot also be the basis for an affirmative defense. We find no support in law for this contention.

HWW additionally argues that this court should examine the merits of ETT's claim of setoff in determining whether to permit ETT's suspensive appeal to continue. HWW asserts that it is losing business opportunities due to this suspensive appeal. In considering this argument, we note that La.Code Civ.P. art. 4735 affords the trial court latitude in deciding the amount to set for a suspensive appeal bond in eviction cases, but further provides that the amount of the bond "shall be determined by the

2

court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal." Thus, the Article provides HWW protection from any damages it might sustain as a result of the suspensive appeal. Additionally, the appellee in an eviction case can seek an award from the appellate court for a frivolous appeal. La.Code Civ.P. art. 2133. *See Haynes v. Adams*, 364 So.2d 1082 (La.App. 4 Cir. 1978), *writ denied*, 366 So. 2d 575 (La.1979).

Considering the protections afforded to an appellee in an eviction proceeding under the Louisiana Code of Civil Procedure, we find that the defenses raised are sufficient to sustain the instant suspensive appeal. Thus, under the facts of the instant case, we decline HWW's invitation to examine, in depth, the merits of ETT's affirmative defenses in the context of a motion to dismiss the suspensive appeal.

For the same reasons, we decline HWW's request for expedited consideration of this appeal. The protections afforded HWW through the suspensive bond posted pursuant to the requirements of La.Code Civ.P. art. 4735 preclude the necessity of creating a "fast-tract" suspensive appeal process in eviction proceedings.

**MOTION TO DISMISS SUSPENSIVE APPEAL AND FOR EXPEDITED APPELLATE REVIEW DENIED.**